JENNIFER LEE TAYLOR (CA SBN 161368)
JTaylor@mofo.com
NICHOLAS HERRERA (CA SBN 301992)
NHerrera@mofo.com
ROBERT S. SANDOVAL (CA SBN 311032)
RSandoval@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff
LAMBDA LABS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lambda Labs, Inc., <br><br>                Plaintiff, <br><br>        v. <br><br> Lambda, Inc., <br><br>                Defendant. | Case No. <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Lambda Labs, Inc. for its Complaint against Defendant Lambda, Inc., alleges as follows:

**PARTIES**

1. Plaintiff Lambda Labs, Inc. ("Lambda" or "Plaintiff") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 2565 3rd Street, Suite 244, San Francisco, California 94107.

2. Defendant Lambda, Inc. ("Lambda School" or "Defendant") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5820 Stoneridge Mall Road, Suite 212, Pleasanton, CA 94588.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act); 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks); and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. This Court has personal jurisdiction over Defendant as, on information and belief, Defendant conducts business in this judicial district, Defendant's infringing services complained of herein are offered within this judicial district, Defendant has business offices within this judicial district from which it offers the infringing services complained of herein, and Defendant has caused injury to Lambda within this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because, on information and belief, Defendant regularly transacts business within this judicial district and has an office within this judicial district, and Defendant's activities cause harm to Lambda in this district. The Lanham Act provides that venue lies in the place of harm to the plaintiff.

**GENERAL ALLEGATIONS**

6. Lambda brings this action to halt Defendant's infringement of Lambda's registered and common law LAMBDA® and Lambda Design trademarks. Defendant's decision to offer related services under confusingly similar "Lambda"-formative and Lambda design marks has already led to actual confusion in the marketplace, and, if allowed to continue, will only cause

further harm to Lambda and the value of its registered and common law trademarks.

### A. Lambda's Business

7. Lambda is a San Francisco-based artificial intelligence infrastructure company. Founded in 2012, Lambda helps to accelerate human progress by providing engineers and researchers with the tools they need to teach machines how to see and learn. Lambda's goal is to help make deep learning accessible to all.

8. Lambda markets workstations, servers, and cloud services to others in the artificial intelligence space to help them train their neural networks. Lambda's customers include Apple, Intel, Microsoft, Amazon Research, Tencent, Kaiser Permanente, MIT, Stanford, Harvard, Caltech, and the Department of Defense.

9. Lambda has continuously offered and provided its goods and services under the LAMBDA® and Lambda Design trademarks (collectively, the "LAMBDA® marks") since at least as early as July 2012.

10. Lambda promotes its workstations and servers under the LAMBDA® marks on its website at https://lambdalabs.com/, at trade shows, and through electronic newsletters, blogs, and a variety of social media platforms, including Twitter, Facebook, and LinkedIn. Lambda also has a number of repositories available for use on GitHub, where the Lambda marks are also displayed. Third-party publications such as *The New York Times*, *Wired*, *Forbes*, and *TechCrunch* have extensively covered Lambda's business and products.

### B. Lambda's Trademark Rights

11. Lambda owns U.S. Trademark Registration No. 5,575,853 for LAMBDA® (the "LAMBDA® word mark") for "Computer software for use in data analytics, machine learning, and artificial intelligence; computer software for facial recognition; computer hardware for use in data analytics, machine learning, and artificial intelligence; computer hardware for facial recognition" in International Class 9, and "Providing temporary use of online non-downloadable software for use in data analytics, machine learning, and artificial intelligence; providing temporary use of online non-downloadable software for facial recognition" in International Class 42.

12. Lambda also owns U.S. Trademark Registration No. 5,575,852 for a Lambda design mark (the "Lambda Design" mark) for use in connection with the same goods and services in the same international classes as the LAMBDA® word mark:



**Plaintiff's Lambda Design Mark**

13. Lambda filed the applications that resulted in U.S. Trademark Registration Nos. 5,575,853 and 5,575,852 on March 2, 2018, with a claimed first use and first use in commerce date of at least as early as July 23, 2012. The marks were subsequently registered on October 2, 2018.

14. U.S. Trademark Registration Nos. 5,575,853 and 5,575,852 are prima facie evidence of the validity of the LAMBDA® marks, of the registration of the LAMBDA® marks, of Lambda's ownership of the LAMBDA® marks, and of Lambda's exclusive right to use the LAMBDA® marks in commerce on or in connection with the goods and services specified in the registrations. Attached hereto as **Exhibit A** are true and correct copies of the registration certificates for U.S. Trademark Registration Nos. 5,575,853 and 5,575,852.

15. Lambda has used its LAMBDA® marks in the United States in connection with Lambda's software and hardware for use in data analytics, machine learning, and artificial intelligence, and related software services since at least as early as 2012. As such, Lambda also owns common law rights in the LAMBDA® marks for these goods and services.

16. As a result of Lambda's expenditures, efforts, and accomplishments in the fields of data analytics, machine learning, and artificial intelligence, the LAMBDA® marks have come to signify the high quality of Lambda's goods and services. The LAMBDA® marks have an incalculable reputation and goodwill, belonging exclusively to Lambda.

17. Lambda has taken all appropriate measures to protect its rights in the LAMBDA® marks.

C. **Defendant's Business**

18. Defendant also provides services in the software and machine learning space. Specifically, upon information and belief, Defendant is a for-profit educational entity that operates a website to provide online courses in the field of software development, including machine learning. *See* https://lambdaschool.com/.

19. Defendant markets and provides its services under three infringing marks that are identical or nearly identical to Lambda's LAMBDA® marks and its full corporate name: Defendant's infringing LAMBDA SCHOOL, LAMBDA and Design, and LAMBDA LABS marks (the "Infringing Marks").

20. On information and belief, Defendant markets its services on social media such as Facebook, Twitter, and LinkedIn, and through online blogs, just as Lambda does. Defendant also has repositories available on GitHub. And like Lambda, Defendant also has received coverage from *The New York Times*, *Forbes*, and TechCrunch.

D. **Defendant's Rejected "Lambda"-Formative Trademark Applications**

21. Defendant Lambda, Inc. is the current owner of two LAMBDA-formative trademark applications: U.S. Application Serial No. 87/942,294 for LAMBDA SCHOOL, and U.S. Application Serial No. 87/942,293 for LAMBDA and Design, both filed on May 31, 2018. Both applications are for "Educational services, namely, providing on-line classroom instruction in the field of **software development and machine learning**; Providing education courses in the field of software development and machine learning offered through online, non-downloadable videos and instructor assistance" in International Class 41 (emphasis added) and claim first use and first use in commerce dates of July 30, 2017. Attached hereto as **Exhibit B** and **Exhibit C** are true and correct copies of print-outs of the Trademark Status & Document Retrieval ("TSDR") pages for the applications.

22. The U.S. Patent and Trademark Office refused to register both of Defendant's marks, citing (among other reasons) a likelihood of confusion with Lambda's registered

LAMBDA® word mark (U.S. Reg. No. 5,575,853).

      **E.**    **Defendant's Wrongful Use of LAMBDA-Formative Marks**

23.    Defendant uses its Infringing Marks to promote its services, without Lambda's consent or authorization.

24.    Defendant's Infringing Marks are confusingly similar to Lambda's LAMBDA® marks. Each of Defendant's infringing LAMBDA SCHOOL, LAMBDA and Design, and LAMBDA LABS marks includes Lambda's registered LAMBDA® word mark in its entirety. Additionally, Defendant frequently uses the word "Lambda" by itself to refer to Defendant and its services.

25.    Defendant's LAMBDA and Design mark is also confusingly similar to Lambda's registered Lambda Design mark. Both are comprised of geometric shapes with perpendicular lines at the top and sides, and containing within them another predominantly triangle-like angular shape. Plaintiff Lambda also commonly uses its Lambda design mark in conjunction with its LAMBDA® word mark:


       

      **Plaintiff's Lambda Trademark**            **Infringing Trademark**

26.    Defendant's services even include a program named "Lambda Labs," which is identical to Plaintiff Lambda Labs, Inc.'s trade name.

27.    As to Defendant's LAMBDA SCHOOL and LAMBDA and Design marks, Defendant's additional elements of SCHOOL and its Lambda Design are not distinguishing. With respect to the infringing LAMBDA SCHOOL mark, the SCHOOL element is not distinguishing because it is merely descriptive of the educational services that Defendant provides, meaning that the LAMBDA element is the dominant portion of the mark. In fact, the U.S. Patent and Trademark Office required Defendant to disclaim the SCHOOL element of the

LAMBDA SCHOOL mark because it is merely descriptive. As for the infringing LAMBDA and Design mark, the addition of the Lambda design element is not distinguishing because it is merely the Greek letter lambda within a banner-like shape. By exactly copying the LAMBDA® word mark and adding indistinguishable elements to the mark, Defendant's infringing LAMBDA SCHOOL and LAMBDA and Design marks are likely to cause consumers to believe that Defendant's services are affiliated, connected, or associated with Lambda's goods and services.

28. Because Defendant's Infringing Marks are nearly identical to Lambda's LAMBDA® marks, the marks are confusingly similar in appearance, sound, meaning, connotation, and commercial impression.

29. Defendant's services offered under the Infringing Marks are highly related to Lambda's products and services, and are of the same or a similar nature as Lambda's software and machine learning products and services.

30. On information and belief, Defendant's services offered under the Infringing Marks are offered through channels of trade that overlap with those where Lambda's goods and services are offered under its LAMBDA® marks.

31. On information and belief, Defendant knew of Lambda's prior rights in the LAMBDA® marks when it chose to adopt the Infringing Marks for use in connection with education services in the same fields of software and machine learning, and disregarded those rights.

32. Defendant did not begin to use or promote the Infringing Marks in connection with educational services until years after Lambda first used and promoted its LAMBDA® marks. Specifically, Defendant did not begin offering educational services highly related to Lambda's products under the Infringing Marks until July 30, 2017.

**F.    Defendant Has Caused Actual Confusion and Harm to Lambda**

33. Defendant's use of the Infringing Marks has caused and is likely to continue to cause confusion, mistake, or deception, now and in the future, as to the origin, source, and sponsorship of Defendant's services.

34. Indeed, Defendant's use of the Infringing Marks has already led to repeated

instances of actual confusion. Numerous individuals seeking to contact Defendant, including prospective Lambda School students, employees, or other solicitors hoping to connect with Defendant and its Lambda School, have instead contacted Plaintiff Lambda Labs, Inc.

35. Further, individuals describing themselves as students of Defendant's Lambda School on social media have mistakenly associated themselves and their social media pages with the page for Plaintiff Lambda Labs, Inc.

36. On information and belief, even Defendant's own *employees*, including individuals describing themselves on social media as instructors at Defendant's Lambda School, have mistakenly associated themselves and their social media pages with the page for Plaintiff Lambda Labs, Inc.

37. These instances of confusion on social media have significant downstream effects. Not only do these instances demonstrate actual confusion on the part of those posting on social media, but they are further likely to *cause* confusion in the minds of any individuals who *view* these profiles by creating a mistaken connection between Plaintiff Lambda Labs, Inc. and Defendant's Lambda School in the minds of the viewers. These mistaken connections have the potential to cause serious harm to Plaintiff Lambda and the value of its reputation, goodwill, and brand.

38. Defendant's conduct has also caused confusion among Lambda's customers and potential customers. Upon information and belief, Defendant's use of the Infringing Marks has caused individuals in the marketplace to mistakenly believe that Plaintiff Lambda Labs, Inc.'s hardware products and services are associated with Defendant's Lambda School.

39. On April 29, 2019, Lambda sent a letter to Defendant demanding that it cease and desist its use of its infringing LAMBDA SCHOOL and LAMBDA and Design marks. Defendant refused to comply. As such, Defendant is willfully infringing Lambda's trademark rights and intends to keep doing so; instances of confusion like those described here will only continue to proliferate.

40. Defendant's conduct is ongoing and will continue unless restrained by the Court. Unless Defendant is enjoined from engaging in the wrongful conduct described above, Lambda

will suffer irreparable harm, including through loss of goodwill, reputation, market share, and revenue.

41.  Lambda has no adequate remedy at law for the irreparable harm that it is likely to suffer from loss of control of its LAMBDA® marks and association with Defendant.

42.  Lambda may also be harmed by a mistaken association with Defendant due to controversy surrounding Defendant's business practices, including its use of "income-sharing agreements" with its students.  On information and belief, Defendant typically does not charge its students tuition.  Rather, Defendant asks its students to enter into what are known as "income-sharing agreements," by which the students agree in advance to pay a percentage of their future income back to Defendant after they become employed and achieve a certain income threshold.

43.  Lambda notes that income-sharing agreements have received mixed or negative attention from many observers[1] and, upon information and belief, are the subject of pending legislation in Congress and the California state legislature regarding regulation.[2]

44.  While Lambda does not take a position on Defendant's income-sharing agreements or other business practices (beyond its use of the Infringing Marks) at this time, it also wishes to remain separate from and not be associated with those practices.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement Under 15 U.S.C. § 1114

45.  Lambda repeats and realleges each allegation set forth in paragraphs 1 through 44 above as if fully set forth herein.

46.  The acts of Defendant described above constitute trademark infringement in

---

[1] *See, e.g.*, Julie Margetta Morgan, Brittany Farr, and Daniel Hornung, *Income Sharing Agreements: A Student Debt Promise Falling Short of Reality*, ROOSEVELT INST., Jan. 10, 2019, http://rooseveltinstitute.org/income-share-agreements-student-debt-promise-falling-short-reality/; Jeffrey R. Young, "Why Sara Goldrick-Rab Sees Income-Share Agreements as a 'Dangerous' Trend, EDSURGE, May 31, 2017, https://www.edsurge.com/news/2017-05-31-why-sara-goldrick-rab-sees-income-share-agreements-as-dangerous-trend.

[2] *See, e.g.*, Sydney Johnson, *Bill to Regulate Income-Share Agreements Moves Through the California Legislature, Again*, EDSURGE, Mar. 20, 2019, https://www.edsurge.com/news/2019-03-20-bill-to-regulate-income-share-agreements-moves-through-the-california-legislature-again.

violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

47. Lambda has valid and protectable registered rights in the registered LAMBDA® marks dating from its first use in commerce of the LAMBDA® marks, since at least as early as July 23, 2012. These rights predate Defendant's use of the LAMBDA SCHOOL, LAMBDA and Design, and LAMBDA LABS Infringing Marks for education services for software and machine learning in the United States, which did not begin until July 2017.

48. On information and belief, Defendant had actual knowledge of Lambda's ownership and use of the LAMBDA® marks prior to the adoption of the LAMBDA SCHOOL, LAMBDA and Design, and LAMBDA LABS Infringing Marks.

49. Defendant's unauthorized use of the LAMBDA SCHOOL, LAMBDA and Design, and LAMBDA LABS Infringing Marks as alleged above has caused and is likely to continue to cause confusion, mistake, or deception on the part of consumers as to the source, nature, and quality of the services Defendant is offering under the Infringing Marks, constituting trademark infringement in violation of 15 U.S.C. § 1114.

50. As a direct and proximate result of Defendant's wrongful conduct, Lambda has been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts, and unless Defendant is enjoined by the Court, Lambda will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Lambda has no adequate remedy at law.

51. On information and belief, Defendant has acted willfully to usurp Lambda's rights, and Defendant should be held liable to Lambda for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

**SECOND CLAIM FOR RELIEF**

**Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a)(1)(A)**

52. Lambda repeats and realleges each allegation set forth in paragraphs 1 through 51 above as if fully set forth herein.

53. The acts of Defendant as described above constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54. Lambda has valid and protectable rights in the LAMBDA® marks dating from its first use in commerce of the LAMBDA® marks, which was at least as early as July 23, 2012. These rights predate Defendant's use of the LAMBDA SCHOOL, LAMBDA and Design, and LAMBDA LABS Infringing Marks for education services for software and machine learning in the United States, which did not begin until July 2017.

55. On information and belief, Defendant had actual knowledge of Lambda's ownership and use of the LAMBDA® marks prior to the adoption of the LAMBDA SCHOOL, LAMBDA and Design, and LAMBDA LABS Infringing Marks.

56. Defendant's unauthorized use of the LAMBDA SCHOOL, LAMBDA and Design, and LAMBDA LABS Infringing Marks as alleged above has caused and is likely to continue to cause consumers to believe that there is a relationship between Defendant and Lambda and/or that Defendant's services are associated with or come from Lambda and such association constitutes false designation of origin, in violation of 15 U.S.C. § 1125(a).

57. As a direct and proximate result of Defendant's wrongful conduct, Lambda has been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts, and unless Defendant is enjoined by the Court, Lambda will suffer further harm to its name, reputation, and goodwill.  This harm constitutes an injury for which Lambda has no adequate remedy at law.

58. On information and belief, Defendant has acted willfully to usurp Lambda's rights, and Defendant should be held liable to Lambda for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF

**Unfair Competition Under California Bus. & Prof. Code §§ 17200 et seq.**

59. Lambda repeats and realleges each allegation set forth in paragraphs 1 through 58 above as if fully set forth herein.

60. Defendant's conduct, described above, constitutes unlawful or fraudulent business acts or practices and as such constitutes unfair competition under California Business & Professions Code §§ 17200 *et seq*.

61. Defendant's conduct constitutes unlawful business acts or practices in that Defendant has engaged in trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

62. Defendant's conduct constitutes fraudulent business acts or practices in that Defendant's trademark infringement, false designation of origin, and unfair competition are likely to mislead or deceive, and have in fact misled and deceived.

63. As a direct and proximate result of Defendant's wrongful conduct, Lambda has been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts, and unless Defendant is enjoined by the Court, Lambda will suffer further harm to its name, reputation, and goodwill.  This harm constitutes an injury for which Lambda has no adequate remedy at law.

64. On information and belief, Defendant has acted with full knowledge of Lambda's rights and with the intention to usurp such rights and, therefore, the aforementioned acts are willful and intentional.

65. Defendant should be required to restore to Lambda any and all profits earned as a result of its unlawful or fraudulent business acts or practices, or provide Lambda with any other restitutionary relief as the Court deems appropriate.

## FOURTH CLAIM FOR RELIEF

### Common Law Trademark Infringement

66. Lambda repeats and realleges each allegation set forth in paragraphs 1 through 65 above as if fully set forth herein.

67. The acts of Defendant as described above constitute trademark infringement under California common law.

68. Lambda has valid and protectable rights in the LAMBDA® marks dating from its first use in commerce of the LAMBDA® marks, at least as early as July 23, 2012.  These rights predate Defendant's use of the LAMBDA SCHOOL, LAMBDA and Design, and LAMBDA LABS Infringing Marks for education services for software and machine learning in the United

1 States, which did not begin until July 2017.

2  69. On information and belief, Defendant had actual knowledge of Lambda's ownership and use of the LAMBDA® marks prior to the adoption of the LAMBDA SCHOOL, LAMBDA and Design, and LAMBDA LABS Infringing Marks.

70. Defendant's unauthorized use of the LAMBDA SCHOOL, LAMBDA and Design, and LAMBDA LABS Infringing Marks as alleged above has caused and is likely to continue to cause consumers to believe that there is a relationship between Defendant and Lambda and/or that Defendant's services are associated with or come from Lambda and such association constitutes common law trademark infringement.

71. As a direct and proximate result of Defendant's wrongful conduct, Lambda has been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts, and unless Defendant is enjoined by the Court, Lambda will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Lambda has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF

**Refusal of Defendant's Federal Trademark Applications Pursuant to 15 U.S.C. § 1119**

72. Lambda repeats and realleges each allegation set forth in paragraphs 1 through 71 above as if fully set forth herein.

73. Lambda has valid and protectable rights in the LAMBDA® marks since substantially prior to Defendant Lambda, Inc.'s priority date for U.S. Application Serial Nos. 87/942,294 and 87/942,293 for the infringing LAMBDA SCHOOL and LAMBDA and Design marks for use in connection with education services in the fields of software and machine learning.

74. Lambda has not authorized Defendant to use, apply to register, or register any mark substantially the same as or nearly identical to LAMBDA® for education services in the fields of software and machine learning.

75. Defendant's unauthorized use, application, and attempted registration of the infringing LAMBDA SCHOOL and LAMBDA and Design marks for education services in the

fields of software and machine learning is likely to cause consumers to believe that there is a relationship between Defendant and Lambda and/or that Defendant's education services in the field of software and machine learning are associated with or come from Lambda.

76. As a direct and proximate result of Defendant's unauthorized applications for the Infringing Marks, Lambda is now, and will be, irreparably injured and damaged by Defendant's aforementioned applications, and unless the applications are refused registration by order of the Court, Lambda will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Lambda has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Lambda prays for the following relief:

1. That judgment be entered in favor of Lambda and against Defendant on each and every Count of this Complaint;

2. For entry of an order and judgment requiring that Defendant and its officers, agents, servants, employees, owners, and representatives, and all other persons, firms, or corporations in active concert or participation with them, be enjoined during the pendency of this action and permanently thereafter from: (a) using in any manner the LAMBDA SCHOOL, LAMBDA and Design, and Lambda Labs Infringing Marks, any other LAMBDA-formative trademarks, or other mark or name that is confusingly similar to or a colorable imitation of the LAMBDA® marks owned by Lambda; (b) doing any act or thing calculated or likely to cause confusion or mistake in the minds of the members of the public or prospective customers as to the source of the products offered or distributed by Defendant, or likely to confuse members of the public or prospective customers into believing that there is some connection between Lambda and Defendant or any other entity owned by or associated with Defendant; (c) otherwise competing unfairly with Lambda in any manner; or (d) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in parts (a) through (c) of this paragraph 2;

3. For entry of an order and judgment directing Defendant, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Lambda within thirty (30) days after entry of the

injunction a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction and ceased all offering of services under the Infringing Marks, as set forth above;

4. For entry of an order and judgment directing Defendant, pursuant to 15 U.S.C. § 1118, to deliver up for destruction, or to show proof of said destruction or sufficient modification to eliminate the infringing matter, all catalogs, articles, products, displays, labels, circulars, letterhead, business cards, promotional items, clothing, literature, or other matter in the possession, custody, or under the control of Defendant or its agents bearing any of the Infringing Marks, or any other mark that is confusingly similar to the LAMBDA® marks;

5. For entry of an order directing the U.S. Patent and Trademark Office not to register the Infringing Marks in Trademark Application Serial Nos. 87/942,294 and 87/942,293 pursuant to 15 U.S.C. § 1119;

6. For a judgment in the aggregate amount of (a) Defendant's profits, (b) Lambda's actual damages, (c) the costs of this action pursuant to 15 U.S.C. § 1117, and (d) restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by Defendant as a result of its unlawful and/or fraudulent business acts or practices;

7. That the Court award enhanced damages under 15 U.S.C. § 1117;

8. That the Court award Lambda its reasonable attorneys' fees; and

9. That the Court grant such other and further relief as it deems just and proper.

| | | |
|---|---|---|
| Dated: | July 15, 2019 | JENNIFER LEE TAYLOR<br>NICHOLAS HERRERA<br>ROBERT S. SANDOVAL<br>MORRISON & FOERSTER LLP |

By:   /s/ Jennifer Lee Taylor
      JENNIFER LEE TAYLOR

Attorneys for Plaintiff
LAMBDA LABS, INC.

## JURY DEMAND

Lambda demands a jury trial in this matter as to all matters triable by a jury.

Dated: July 15, 2019

JENNIFER LEE TAYLOR
NICHOLAS HERRERA
ROBERT S. SANDOVAL
MORRISON & FOERSTER LLP

By: /s/ Jennifer Lee Taylor
   JENNIFER LEE TAYLOR

Attorneys for Plaintiff
LAMBDA LABS, INC.