JENNIFER LEE TAYLOR (CA SBN 161368)
JTaylor@mofo.com
NICHOLAS HERRERA (CA SBN 301992)
NHerrera@mofo.com
ROBERT S. SANDOVAL (CA SBN 311032)
RSandoval@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff,
LAMBDA LABS, INC.


RIMON, P.C.
Karineh Khachatourian (SBN 202634)
karinehk@rimonlaw.com
Nikolaus A. Woloszczuk (SBN 286633)
nikolaus.woloszczuk@rimonlaw.com
2479 E. Bayshore Road, Suite 210
Palo Alto, California 94303
Telephone: 650.461.4433
Facsimile: 650.461.4433

Attorneys for Defendant,
LAMBDA, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| LAMBDA LABS, INC., | Case No. 4:19-cv-04060-JST |
| Plaintiff, | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| v. | |
| LAMBDA, INC., | |
| Defendant. | |

1.      <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      <u>DEFINITIONS</u>

2.1     <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. As used in the Protective Order and to designate Disclosure or Discovery material, the terms "HIGHLY CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall have the same meaning and may be used interchangeably.

2.8     House Counsel:  attorneys who are employees of a party to this action who provides legal advice to that party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10     Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12     Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13     Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any of these designations are referred to as a "Confidentiality Designation."

2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order. In the event that the production of source code containing trade secrets becomes necessary to this litigation, the parties will meet and confer in good faith to propose a reasonable modification to this order that accounts for the protection necessary to preserve the secret status of such source code.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to

1    applicable law.

2    5.      DESIGNATING PROTECTED MATERIAL

3         5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party

4    or Non-Party that designates information or items for protection under this Order must take care to

5    limit any such designation to specific material that qualifies under the appropriate standards. To

6    the extent it is practical to do so, the Designating Party must designate for protection only those

7    parts of material, documents, items, or oral or written communications that qualify – so that other

8    portions of the material, documents, items, or communications for which protection is not

9    warranted are not swept unjustifiably within the ambit of this Order.

10        Mass, indiscriminate, or routinized designations are prohibited. Designations that are

11   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

12   unnecessarily encumber or retard the case development process or to impose unnecessary

13   expenses and burdens on other parties) expose the Designating Party to sanctions.

14        If it comes to a Designating Party's attention that information or items that it designated

15   for protection do not qualify for protection, that Designating Party must promptly notify all other

16   Parties that it is withdrawing the mistaken designation.

17        5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order

18   (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

19   Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

20   designated before the material is disclosed or produced.

21        Designation in conformity with this Order requires:

22        (a)  for information in documentary form (e.g., paper or electronic documents, but

23   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

24   Party affix a legend containing the Confidentiality Designation to each page that contains

25   protected material. If only a portion or portions of the material on a page qualifies for protection,

26   the Producing Party also must clearly identify the protected portion(s) (e.g., by making

27   appropriate markings in the margins) and must specify, for each portion, the level of protection

28   being asserted.

sf-4184386

1    A Party or Non-Party that makes original documents or materials available for inspection

2    need not designate them for protection until after the inspecting Party has indicated which

3    material it would like copied and produced. During the inspection and before the designation, all

4    of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL–

5    ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

6    copied and produced, the Producing Party must determine which documents, or portions thereof,

7    qualify for protection under this Order. Then, before producing the specified documents, the

8    Producing Party must affix a legend containing the Confidentiality Designation to each page that

9    contains Protected Material. If only a portion or portions of the material on a page qualifies for

10   protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

11   appropriate markings in the margins) and must specify, for each portion, the level of protection

12   being asserted.

13        (b)  for testimony given in deposition or in other pretrial or trial proceedings, that the

14   Designating Party identify on the record, before the close of the deposition, hearing, or other

15   proceeding, all protected testimony and the Confidentiality Designation. The Designating Party

16   may identify on the record that the entire transcript be subject to a Confidentiality Designation

17   until thirty calendar days from the date the Designating Party receives the final transcript, at

18   which point the Designating Party must provide specific designations identifying which portion

19   or portions of the transcript are subject to a Confidentiality Designation.

20        Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

21   other proceeding to include Protected Material so that the other parties can ensure that only

22   authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

23   (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

24   shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

25   CONFIDENTIAL – ATTORNEYS' EYES ONLY."

26        Transcripts containing Protected Material shall have an obvious legend on the title page

27   that the transcript contains Protected Material, and the title page shall be followed by a list of all

28   pages (including line numbers as appropriate) that have been designated as Protected Material and

6

the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored a legend containing the Confidentiality Designation. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

6.1    <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer.</u>  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this

7

specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

> 6.3   <u>Judicial Intervention.</u>   If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

> The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation. Outside Counsel of Record and employees of Outside Counsel of Record in this action hereby agree to abide by the terms of this Protective Order;

(b) House Counsel upon signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A), who must maintain such information in a secure and safe area and exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary of highly sensitive information

(c)  No more than two (2) officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and whose names are disclosed to the Producing Party before access is given;

(d)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)  the court and its personnel;

(f)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  Any other person with the prior written consent of the Producing Party. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h)  Persons who appear on the face of the Protected Material as an author, addressee, or recipient of the document.

(i)  other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation. Outside Counsel of Record and employees of Outside Counsel of Record in this action hereby agree to abide by the terms of this Protective Order;

(b) House Counsel upon signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A), who must maintain such information in a secure and safe area and exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary of highly sensitive information;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(g) other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

7.4      Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3 first must provide written notice to the Designating Party at least five business days prior to the disclosure that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony,

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1  including through a declaration, report, or testimony at a deposition or trial, during the preceding

2  five years.

3        (b) A Party that makes a request and provides the information specified in the preceding

4  paragraph may disclose the subject Protected Material to the identified Expert unless, within five

5  business days of delivering the request, the Party receives a written objection from the

6  Designating Party. Any such objection must set forth in detail the grounds on which it is based.

7        (c) A Party that receives a timely written objection must meet and confer with the

8  Designating Party to try to resolve the matter by agreement within seven business days of the

9  written objection. If no agreement is reached, the Party seeking to prohibit the disclosure to the

10  Expert may bring the matter before the Court in a manner prescribed by the Court seeking

11  permission from the Court to do so.

12        In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden

13  of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

14  outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

15        If during the pendency of this matter, the Expert becomes employed or engaged by a

16  competitor to the Parties to this action, the Party retaining such Expert will promptly notify

17  Outside Counsel for the Producing Party of such employment or engagement. The Expert will

18  cease reviewing any Protected Material until all Parties in the action have been advised and either

19  all Parties consent to the Expert continuing to have access to any Protected Material in this matter

20  or as otherwise ordered by the Court.

21        (d) No Party will be deemed to have waived any privilege or protection from disclosure by

22  disclosing, pursuant to section 7.4, the name of an expert or consultant for whom Rule

23  26(a)(2)(B) disclosures are not made, and to whom the Party intends to show Protected Material.

24  No expert or consultant for whom Rule 26(2)(B) disclosures are not made disclosed pursuant to

25  section 7.4 shall be subject to a deposition in connection with this case or any related litigation

26  based solely on the fact that he or she was the subject of such disclosure. No expert or consultant

27  for whom Rule 26(a)(2)(B) disclosures are not made disclosed pursuant to section 7.4 shall be

28  subpoenaed for testimony or for documents in connection with any discovery or any hearing,

proceeding, or trial of this case or of any related litigation based solely on the fact that he or she was the subject of such disclosure.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Protected Material, that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as with a Confidential Designation. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)   If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently

14

produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    MISCELLANEOUS

   12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

   12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

   12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court or otherwise agreed to by the parties.

1    13.    <u>FINAL DISPOSITION</u>

2         Within 60 days after the final disposition of this action, as defined in paragraph 4, each

3    Receiving Party must return all Protected Material to the Producing Party or destroy such material.

4    As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

5    summaries, and any other format reproducing or capturing any of the Protected Material. Whether

6    the Protected Material is returned or destroyed, the Receiving Party must submit a written

7    certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

8    by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected

9    Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained

10   any copies, abstracts, compilations, summaries or any other format reproducing or capturing any

11   of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival

12   copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

13   correspondence, deposition and trial exhibits, expert reports, attorney work product, and

14   consultant and expert work product, even if such materials contain Protected Material. Any such

15   archival copies that contain or constitute Protected Material remain subject to this Protective Order

16   as set forth in Section 4 (DURATION).  In addition, notwithstanding the preceding section,

17   Counsel are entitled to retain any copies that exist on back up tapes or other media used for

18   disaster recovery purposes, provided that such copies will not be accessed except upon notice to

19   the Producing Party.

20   14.    <u>No Restriction on Advising Client:</u>

21         Nothing in this Order shall be construed to prevent Counsel from advising their respective

22   clients regarding this case, even if Counsel must rely on Protected Information in formulating such

23   advice, as long as no Protected Information is disclosed in violation of this Order.

24   15.    <u>Limitation on Discovery from Experts:</u>

25         Absent good cause, and consistent with Rule 26(b)(4) of the Federal Rules of Civil

26   Procedure, drafts of expert reports and communications between an Expert (as defined in Section

27   2.5) and a Party's Counsel are not discoverable except as provided in Federal Rule of Civil

28

1   Procedure 26(b)(4)(C). Reports and materials exempt from discovery under this section shall be

2   treated as attorney work product for the purposes of this case and Protective Order.

3   16.      PRIVILEGE LOGS

4          The following documents need not be listed on a privilege log, and failure to do so shall

5   not constitute a waiver of any privilege or immunity: Privileged or work product documents

6   created on or after July 15, 2019; or privileged communications between a party and its outside

7   counsel that include no other parties such that the privilege would be broken.

8

9   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10

11  DATED:   4/24/2020                      /s/ Jennifer Lee Taylor

12

13  DATED:   4/24/2020                      /s/ Karineh Khachatourian

14

15

16                          **ATTESTATION**

17         I, Jennifer Lee Taylor, am the ECF user whose credentials were utilized in the electronic

18  filing of this document.  In accordance with Civil Local Rule 5-1(i)(3), I hereby attest that Karineh

19  Khachatourian concurred in the filing of this document.

20                                   /s/ Jennifer Lee Taylor
                                     Jennifer Lee Taylor
21

22

23  PURSUANT TO STIPULATION, IT IS SO ORDERED.

24

25  DATED:  __April 28, 2020__        _____

26                           United States District/~~Magistrate~~ Judge

27

28

sf-4184386

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on [date] in the case of Lambda Labs, Inc. v. Lambda Inc,

Case No. 4:19-cv-04060-JST. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER; CASE NO. 4:19-CV-04060-JST

sf-4184386