UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMBDA LABS, INC., <br><br>           Plaintiff, <br><br>    v. <br><br> LAMBDA, INC., <br><br>           Defendant. | Case No.  19-cv-04060-JST   (TSH) <br><br> **DISCOVERY ORDER** <br> Re: Dkt. No. 79 |

The Court has reviewed the parties' joint discovery letter brief at ECF No. 79 and has some questions:

(1) For the RFPs about negative press attention (RFPs 55-60), Lambda Labs argues that negative publicity concerning Lambda School could be evidence of harm to reputation, which is relevant to irreparable harm caused by trademark infringement. That argument seems to apply to the press articles themselves, but since they are all publicly available – indeed the RFPs each contain a URL link to an article – the Court gathers the purpose of this motion isn't to obtain them. Instead, each RFP asks for "documents and communications relating to" each article. There is no explanation in the letter brief about what those might be or whether they are relevant and proportional. Is Labs just seeking the internal chatter within School about these articles? In many businesses, press about the company tends to get forwarded around by employees. That is particularly true if the press is negative, or if the company isn't often covered by the press. The large majority of those communications are junk. If these RFPs asked about investigations into the truth of the press articles or about steps taken in light of the concerns raised by the articles, perhaps they would be relevant and proportional. But the RFPs don't seem to be written that way.

So, the Court's question is: how are these RFPs relevant and proportional? The answer is

not to repeat that negative press is relevant to reputational harm because the Court's question is about the documents and communications that are *not* press articles but are merely *about* them, and why "all" such documents and communications are relevant and proportional.

(2) For the RFPs about student and employee complaints (RFPs 66-67, 69-73), the Court does not understand what Labs' motion is. RFPs 66 and 67 ask for all documents and communications concerning feedback or complaints from School employees, team leads, contractors, students or graduates. The only subject matter limitation is that the feedback or complaint must in some manner relate to School, but other than that, the feedback or complaint could literally be about anything. And, of course, the RFPs are not limited to the feedback or complaints themselves but also to every document and communication about all feedback and complaints. RFPs 69-71 aren't quite as bad. They at least have a subject matter that seems to be relevant, but then they pile on the "all documents and communications concerning" formulation with no explanation of what those might be or how they are relevant and proportional. Are internal emails forwarding tweets by @LambdaScam relevant to something? And then RFPs 72 and 73 ask for every single document and communication concerning two specific students. Yep, all of them, no matter what they're about.

At least with respect to RFPs 66 and 67, Labs seems to sense that its RFPs are ridiculous. It says: "Lambda Labs explained in meet and confer that its focus in discovery is on complaints that might affect the goodwill associated with the 'Lambda' name, not every complaint that Lambda School may receive on any topic. Relevant categories would include the poor quality of services, curriculum, and instructors, problems with career placement, and the controversial 'income share agreements' that students sign, among others." But then it tosses in a footnote: "Lambda Labs cannot provide an exhaustive list of potential relevant complaints because it is not sufficiently familiar with the Lambda School program, but Lambda School should be able to identify potentially relevant complaints through key word searches in custodial collections." So, what is Labs asking for in this motion? Does it want everything responsive to RFPs 66 and 67, even as it acknowledges they are overbroad? Or is Labs asking the Court to order the recipient of the RFPs to decide what Labs should have asked for, which of course Rule 34 does not allow?

Does Labs think there is even the slightest chance the Court would order School to produce everything that RFPs 72 and 73 ask for?

For this set of RFPs, the Court's questions are: what exactly is Labs moving to compel, and why is it relevant and proportional? It's not good enough to identify a student who did a relevant thing and then demand every document and communication about that student, nor to state that some complaints could be relevant and then demand all documents and communications about all positive and negative feedback. That skips past the relevance and proportionality inquiry.

(3) For the RFPs about potential misrepresentations about graduation and employment rates (RFPs 61-62, 68, 74, 77-80, 84-97, 101), the Court's questions are:

 A. (RFPs 61-62). What is the May 2019 investment memorandum titled "Human Capital: The Last Unoptimized Asset Class," and why is it relevant?

 B. (RFP 68). Why aren't documents sufficient to show good enough?

 C. (RFP 74). Really? Every document about him? During meet and confer this request couldn't be narrowed?

 D. (RFPs 78-80). How is the Council on Integrity in Results Reporting relevant here?

 E. (RFPs 84-93). The Court understands how School's student outcomes and representations about student outcomes relate to reputational injury. But the Court is struggling to see the relevance and proportionality of the "all" formulation in these RFPs. Why is it relevant and proportional to produce "all documents and communications concerning" or "all versions, including drafts" for these RFPs?

 F. (RFPs 94-97, 101). What's wrong with producing this information? Isn't Labs entitled to track down and depose some former students, or to demonstrate that Mr. Melendez is atypical?

(4) For the RFPs about companies that employ School graduates (RFPs 81-83, 98-100), the Court's questions are:

 A. (RFP 81). If School tracks this, is this information stored in one place such that

it is easy to produce?

    B. (RFPs 82, 83).  Why are "all communications" relevant and proportional?

    C. (RFPs 98-100).  What's wrong with producing these?

  The Court has some additional feedback for the parties.  The Court is not a fan of briefly stated, high-level explanations of relevance coupled with a gesture toward dozens of specific RFPs.  That puts the Court in the position of having to imagine, on an RFP by RFP basis, why the requested materials might or might not be relevant and whether the request is overbroad.  This is the work the moving party is supposed to do.

  Second, the Court is skeptical of the parties' meet and confer efforts.  As one example, several of these RFPs asked for every document and communication concerning particular people.  Those RFPs are ridiculous, and School pointed that out in the letter brief.  Was there no effort by Labs to narrow its requests during meet and confer?  The letter brief doesn't indicate any.  As another example, Labs seems to realize that asking for all documents and communications about all feedback and all complaints is unjustified, but at least as disclosed in the letter brief, it hasn't figured out what would be justified, so it just threw the problem at the Court.  In fact, the entire 12-page letter brief feels like the parties gave up on meeting and conferring and instead dumped more than 40 RFPs on the Court.  The parties need to do better than this.

  The Court orders the parties to meet and confer further on these disputes.  For any that remain unresolved, the parties shall file a joint discovery letter brief, not to exceed 10 pages, by July 10, 2020.

**IT IS SO ORDERED.**

Dated: June 30, 2020

_____
THOMAS S. HIXSON
United States Magistrate Judge

4