UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMBDA LABS, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>LAMBDA, INC.,<br><br>        Defendant. | Case No. 19-cv-04060-JST   (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 81 |

The parties filed a joint discovery letter brief at ECF No. 81, responding to some questions and comments the Court had (ECF No. 80) about a prior joint discovery letter brief (ECF No. 79). The overarching issue with these RFPs is reputational damage. Among its other claims, Lambda Labs alleges trademark infringement by Lambda Schools. One particular harm Labs alleges is that customer confusion between Labs and School harms Labs' goodwill because School's business is a scam. There are some unkind press reports indicating that School's curriculum is deficient, that its claims about job placement for its students are exaggerated and even fraudulent, and that for some students the experience has been so bad they've begun to organize. The present RFPs are targeted at those issues.

In general, School would like the Court to adopt a very narrow theory of relevance that bars inquiry into whether these accusations are true. School reasons that reputation evidence consists of what people think of you, not what they *should* think of you if only they knew the truth. However, the Court disagrees. School's graduates and former students are transmitters of reputation to the market, so if the curriculum is terrible and School's job placement claims are

cooked up, that is relevant.  Or, at least, it is relevant enough to justify discovery.  Down the road School is free to argue on the merits that whatever Labs dredges up in discovery should be given less weight if Labs comes up short in demonstrating that some relevant segment of the market ever learned of these problems.  But that's an issue of weight and persuasiveness to the trier of fact, not a reason to cutoff discovery based on relevance.

The main focus of the Court's order at ECF No. 80 was that many of Labs' RFPs seemed overbroad and others were unexplained.  Following additional meet and confer, Labs has mostly solved this problem.  Accordingly, the Court rules on the RFPs as follows:

### 1. Negative press attention (RFPs 55-60)

Labs argues that the scope of these RFPs is proportional in light of the custodian agreement and that the senior-level School custodians are likely to have substantive discussions about these articles, not just chatter.  That makes sense.  Communications about the negative press articles may shed light on the extent of reputational injury, and that is relevant to harm to goodwill if there is customer confusion.  Since each of these RFPs asks for documents and communications about one specific news article, it doesn't seem like producing those items for the agreed-upon custodians would be burdensome.  As for data sources for each custodian, School should search the sources that are likely to have responsive documents, subject to any agreements the parties have made.  School can interview its own custodians and ask what data sources they use.  Neither side says anything about potential non-custodial sources for these RFPs, and Labs' pitch for why these RFPs seek relevant and proportional discovery is both the identity (i.e., senior-level within the company) and limited number of custodians.  Accordingly, the Court orders School to produce custodial documents responsive to these RFPs.

### 2. Student and employee complaints (RFPs 66-67, 69-73)

RFPs 66 and 67.  Labs clarifies that it "seeks documents concerning only the specific categories of complaints identified in its motion: complaints regarding the quality of Lambda School's services, curriculum, and instructors; student employment and career placement; and income sharing agreements."  Labs explains that "[t]hese narrowed requests are proportional because Lambda School only needs to search files collected from the agreed-to high-level

custodians and centralized data sources, not the files of everyone who receives or discusses student complaints." This narrowing is much better because it focuses on complaints that are likely to be relevant to School's reputation in a way that could be relevant to damage to Labs' goodwill. School is right, of course, that "the complaints Labs seeks are not actually conclusive as to the quality of education. It is doubtful that any student of any school went through their entire education and did not have a single complaint about *something*, but that does not mean they were dissatisfied with their education." (emphasis original). But evidence does not have to be dispositive to be discoverable, just relevant and proportional. Also, limiting these RFPs to the identified custodians (as opposed to, say, every employee) and centralized data sources means that these RFPs are likely to capture more substantial complaints and complaints that were tracked in some manner, which adds to their relevance and tends to confirm their proportionality. Accordingly, the Court orders School to produce documents responsive to these RFPs as narrowed by Labs in the letter brief.

RFP 69. Labs references its arguments made above for RFPs 55-60 for why communications between senior-level personnel about the Twitter account @LambdaScam would be relevant and proportional. The Court is persuaded. Labs also tosses in a reference to centralized data sources for this RFP. However, Labs does not explain what that means or say anything about why production from a centralized data source about this Twitter account would be relevant and proportional. In response to the Court's questions during the hearing, Labs expressed skepticism that there is a centralized data source that contains responsive documents. Accordingly, the Court orders School to produce custodial documents in response to this RFP.

RFP 70. Labs' narrowed request is reasonable. These documents are again relevant to reputation injury, and as narrowed, the RFP is relevant and proportional. As to this and all other RFPs, the Court expresses no view on the appropriate search terms. The Court orders School to produce documents responsive to this RFP as narrowed in the letter brief.

RFPs 71-73. Labs' narrowed requests are appropriate. The Court orders School to produce documents responsive to these RFPs as narrowed in the letter brief.

**3. Potential misrepresentations about graduation and employment rates (RFPs 61-62, 68, 74, 77-80, 84-97, 101)**

RFPs 61-62.  The Court appreciates Labs' explanation and orders School to produce documents responsive to these RFPs.

RFPs 68 and 74, 78-80.  Labs' narrowed requests are reasonable.  The Court orders School to produce documents responsive to these RFPs as narrowed in the letter brief.

RFPs 84-93.  For RFPs 87-88 and 91, the Court appreciates the additional explanation and orders School to produce documents responsive to these RFPs.  For the remaining RFPs in this group, Labs' narrowed requests are appropriate.  The Court orders School to produce documents responsive to those RFPs as narrowed in the letter brief.

RFPs 94-97.  These documents are relevant and proportional.  The Court orders School to produce them.

RFP 101.  The parties report they have resolved this dispute.

**4. RFPs about companies that employ School graduates (RFPs 81-83, 98-100)**

RFP 81 asks for "[d]ocuments sufficient to identify all employers of Lambda School graduates or former students."  This is a potentially sprawling RFP, and the Court discussed it with the parties during the hearing.  If School has reports compiled that list employers of graduates or former students, then those are relevant and proportional.  But if School does not have this information compiled already, assembling it from scratch would be onerous.  And that effort doesn't seem proportional to the needs of the case because Labs doesn't need to know the identity of each and every employer of a School graduate or former student to prove its case.  School says it can provide this employer information without undue burden for employers connected to the 2019 Student Outcome Report because that information was recently compiled, and School also offers to identify any employer who is also a Labs customer.  Accordingly, the Court orders School to produce the employer information from the 2019 Student Outcome Report and any similar reports, as well as any compilations, reports or records of employer information that exist in centralized locations.  The Court also orders School to identify any employer who is also a Labs customer for customers that Labs discloses and so requests.

4

RFPs 82-83, 98, 100.  Labs' narrowed requests are reasonable.  The Court orders School to produce documents responsive to these RFPs as narrowed in the letter brief.

RFP 99.  The parties report there is no longer a dispute as to this RFP.

**IT IS SO ORDERED.**

Dated: July 17, 2020

THOMAS S. HIXSON
United States Magistrate Judge