JENNIFER LEE TAYLOR (CA SBN 161368)
JTaylor@mofo.com
NICHOLAS HERRERA (CA SBN 301992)
NHerrera@mofo.com
ROBERT S. SANDOVAL (CA SBN 311032)
RSandoval@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff
LAMBDA LABS, INC.

RIMON, P.C.
Karineh Khachatourian (SBN 202634)
karinehk@rimonlaw.com
Nikolaus A. Woloszczuk (SBN 286633)
nikolaus.woloszczuk@rimonlaw.com
2479 E. Bayshore Road, Suite 210
Palo Alto, California 94303
Telephone: 650.461.4433
Facsimile: 650.461.4433

Attorneys for Defendant,
LAMBDA INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| LAMBDA LABS, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>LAMBDA, INC.,<br><br>  Defendant. | Case No. 4:19-cv-04060-JST<br><br>**FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Judge:   Hon. Jon S. Tigar<br>Date:    August 4, 2020<br>Time:    2:00 p.m.<br>Crtrm.:  6, 2nd Floor |

**FURTHER JOINT CASE MANAGEMENT STATEMENT**

Pursuant to Civil Local Rule 16-9, Lambda Labs, Inc. ("Lambda Labs" or "Plaintiff" or "Counterclaim-Defendant"), and Lambda, Inc. ("Lambda School" or "Defendant" or "Counter-Claimant"), by their undersigned counsel, provide this further joint case management statement.

## I. MOTIONS

There are currently no pending motions.

## II. AMENDMENT OF THE PLEADINGS

Neither party intends to seek leave to amend their pleadings at this time.

## III. SETTLEMENT AND ADR

The parties have had no further settlement discussions since filing their prior joint case management conference statement. Lambda Labs believes a further settlement conference with Magistrate Judge Kim could be fruitful once the parties have completed additional discovery, and Magistrate Judge Kim said she is willing to hold a further settlement conference and would check back in the future regarding timing. Lambda School is open to mediation but prefers private mediation. Despite the parties' best efforts before Magistrate Judge Kim, after two sessions, the parties were unable to reach resolution.

## IV. DISCOVERY TO DATE

### A. Lambda Labs' Update

<u>Party discovery</u>. Lambda Labs has served two sets of requests for production and one set of interrogatories on Lambda School. Lambda School provided initial responses to each set. Lambda Labs filed a motion to compel regarding numerous requests in its Second Set of requests (ECF Nos. 79 & 81), and the Court granted the motion essentially in its entirety (ECF No. 84). Lambda School has further agreed to amend its responses to Lambda Labs' First Set of Interrogatories, but has not provided a timeline for doing so. The parties will also continue to meet and confer regarding additional requests in Lambda Labs' First and Second Sets of Requests for Production in an effort to resolve any outstanding disputes.

<u>Third-party discovery</u>. Lambda Labs has served third-party subpoenas for documents on seven individuals and entities: Red Lambda, Inc.; Carlton Fields (Red Lambda, Inc.'s attorneys);

Orrick, Herrington & Sutcliffe LLP (Lambda School's counsel in the Red Lambda transaction); Ben Nelson (co-founder of Lambda School); and Adam Grenier and Andrew Madsen (former Lambda School employees). Lambda Labs has also served a third-party subpoena for deposition to Bahram Yusefzadeh (CEO of Red Lambda, Inc.). Scheduling of the deposition is pending.

Document productions. Lambda Labs made an initial document production of 145 documents (totaling 3,562 pages) on June 4, 2020, which includes non-custodial Lambda Labs documents as well as documents produced by third parties Red Lambda, Inc. and Carlton Fields in response to document subpoenas. Lambda Labs is working to review custodial and additional non-custodial documents and intends to produce documents on a rolling basis starting next month.

### B. Lambda School's Update

Lambda School has served three sets of requests for production, one set of interrogatories, and one set of requests for admission on Lambda Labs. Lambda Labs provided initial responses to each set as well as supplemental interrogatory responses following meet and confer. Labs discovery responses and productions continue to be deficient. School has raised various complaints with Lab's responses and the parties will continue to meet and confer as needed in an effort to resolve any outstanding disputes.

Lambda School made an initial document production of its form student agreements per Labs' request (totaling 116 pages) on June 1, 2020. Lambda School intends to begin production of agreed upon documents that do not require search terms next month. Labs initial document production consisted mostly of third party productions in response to two subpoenas (Red Lambda and its outside counsel Carlton Fields) which are duplicative of one another.

Labs filed a motion to compel on its Second Set of RFPs, ECF No. 84 which was granted in part. Magistrate Judge Hixson initially rejected Labs' motion and criticized Labs for its overbroad discovery requests and its lack of discussion of relevancy or scope, particularly when using terms such as "all documents and communications." ECF No. 80 ("The Court is not a fan of briefly stated, high-level explanations of relevance coupled with a gesture toward dozens of specific RFPs;")("As one example, several of these RFPs asked for every document and communication concerning particular people. Those RFPs are ridiculous, and School pointed that

out in the letter brief. Was there no effort by Labs to narrow its requests during meet and confer? The letter brief doesn't indicate any.") ("As another example, Labs seems to realize that asking for all documents and communications about all feedback and all complaints is unjustified, but at least as disclosed in the letter brief, it hasn't figured out what would be justified, so it just threw the problem at the Court."); ("At least with respect to RFPs 66 and 67, Labs seems to sense that its RFPs are ridiculous."). ("Does Labs think there is even the slightest chance the Court would order School to produce everything that RFPs 72 and 73 ask for?")("RFP 74. Really? Every document about him? During meet and confer this request couldn't be narrowed?). After a second round of briefing, wherein Lambda Labs rewrote its requests, and in some instances dropped its request entirely, did Magistrate Judge Hixson grant some relief. Nonetheless, Lambda School is evaluating its options, including objecting to Magistrate Judge Hixson's order but will produce documents as appropriate. Both parties have agreed to amend certain written discovery responses and produce documents and are currently meeting and conferring on process (search terms), datasources and a timetable.

### C. Recent Discovery Motions

After the Court referred this matter to Magistrate Judge Hixson for discovery matters, the parties filed joint letter briefs regarding four discovery issues. The Court has ruled on each issue and no discovery motions are currently pending. The parties also received permission from Magistrate Judge Hixson to file a fifth joint letter brief, regarding whether their respective discovery responses comply with Rule 34 (ECF No. 69), but the parties deferred filing pending further meet and confer (ECF No. 78).

<u>Custodians</u>. The parties filed a joint letter brief regarding the number and identity of document custodians from which Lambda School is required to collect documents (ECF No. 70). After receiving guidance from the Court (ECF No. 73), the parties met and conferred further and reached an agreement for each party to produce documents from up to eleven document custodians (ECF No. 76).

<u>Phasing of ESI discovery</u>. The Court ordered that ESI discovery will not be phased in this matter. (ECF No. 72; *see also* ECF No. 71 (joint letter brief)).

1    Preservation of data sources.  The Court instructed Lambda School to preserve certain data
2 sources until certain discovery disputes can be resolved.  (ECF No. 77 (minute order); *see also*
3 ECF No. 74 (joint letter brief).)
4    Lambda Labs' motion to compel regarding reputational discovery.  Lambda Labs moved to
5 compel responses to its Request for Production Nos. 55-62, 66-74, 78-97, and 98-101, which seek
6 documents related to Lambda School's reputation and complaints regarding its services (ECF No.
7 79).  After additional meet and confer and follow-up briefing requested by the Court (ECF No.
8 81), the Court ordered Lambda School to respond to the requests as described in its Order (ECF
9 No. 84).  Lambda School states in its section above that it is evaluating whether to object to
10 Magistrate Hixson's order or comply based on its understanding of the scope of the Court's order.

11 **V.    CASE SCHEDULE AND TRIAL DATE**
12    **A.    Lambda Labs' Position**
13    Lambda Labs believes no modifications to the trial date or case schedule are required or
14 appropriate.  The parties previously agreed that a jury trial in this matter would require seven or
15 fewer court days.  (ECF No. 25 at 8.)  Lambda Labs still believes this is correct, but Lambda
16 School changed its position to say that ten days may be required.  (ECF No. 62 at 6.)  Further, it
17 now states below that it believes the "current schedule is unrealistic" and claims to reserve its right
18 to seek future relief.  Lambda Labs is concerned that these statements reflect a lack of
19 commitment on Lambda School's part to meet its discovery obligations in a timely manner and to
20 resolve this matter on the schedule ordered by the Court.
21    When the Court entered the operative scheduling Order (ECF No. 65), which includes a
22 fact discovery cutoff of December 17, 2020 and a trial date of November 1, 2021, it admonished
23 the parties that "Trial dates set by this Court should be regarded as firm," and that "Requests for
24 continuance are disfavored."  (ECF No. 65 at 2.)  Lambda Labs has made every effort to complete
25 discovery on the ordered timeline, including by promptly bringing a motion to compel to resolve
26 ripe discovery issues (ECF No. 79 (filed June 26, 2020)) and by proposing search terms and
27 repeatedly seeking to meet and confer regarding them.  By contrast, Lambda School has sought to
28 delay the resolution of this matter through repeated "phasing" proposals that the Court has

rejected. (ECF No. 65 at 2; ECF No. 72.). It also cites the COVID-19 pandemic and current delay of civil jury trials as an excuse for seeking to change the Court's scheduling Order, but ignores that the Order was entered on June 1 and factored in those events. Nor can the delay of other civil trials excuse Lambda School from working to timely meet its discovery obligations in *this* case.

Given Lambda School's statements below, Lambda Labs intends to seek an order from the Court that the parties must substantially complete their document productions in this case by September 30, 2020. This date would ensure that Lambda School works to meet its discovery obligations in a timely manner, and will allow 2.5 months for the parties to schedule and complete depositions before the December 17 fact discovery cutoff.

### B.     Lambda School's Position

Given the current status of the global COVID-19 pandemic, the suspension or delay of civil trials, and the scope of discovery in this case, Lambda School believes the current schedule is unrealistic and reserves its right to seek appropriate relief if necessary. To date neither party has made a significant document production and several discovery disputes remain outstanding. Lambda Labs served nearly 50 additional requests for production around the time the Court entered the proposed schedule, which necessitated two rounds of briefing with Magistrate Judge Hixson, with disputes continuing. Since the Court entered its scheduling order, the citizens of California have experienced unprecedented curfews in response to civil unrest and a resurgence of the COVID-19 pandemic where California has the most reported cases.  In fact, Lambda Labs' initial document production was delayed because of protests. Additional shelter in place orders appear imminent. While Lambda School is not seeking additional relief at this time, it is simply advising the Court and being transparent that it may do so in the future if necessary. Lambda Labs' suggestion to set a deadline for the parties to substantially complete document productions by September 30,2020, is not only premature but appears to seek phasing, something Labs has been vehemently opposed to. If Labs intends to seek such relief, the proper procedure is to bring a noticed motion. Lambda School has been diligently collecting data in this case, which has been

prolonged because of the scope of Labs' requests.  School proposed phasing to streamline discovery in this case, not to prolong it.  Labs cannot have it both ways.  It cannot expect an accelerated schedule during these strange and uncertain times, and then expand the scope of discovery beyond what any trademark litigant is entitled to.  Labs has insisted on data sources to be preserved and collected that are almost never included and has taken a scorched earth approach in an attempt to embarrass and intimidate Lambda School.  Lambda School would also like to put this litigation behind it but accepts that given the demands currently placed on the courts and the parties, the current schedule may not be realistic.  Nonetheless, Lambda School is operating under the assumption that no further extensions will be granted without a showing of good cause.

      Labs consistently complains that School refuses to meet and confer.  School has met and conferred with Labs telephonically for blocks of two or three hours at a time whenever requested.  Yet Magistrate Judge Hixson was unimpressed with the parties efforts. ECF No. 79  ("the Court is skeptical of the parties' meet and confer efforts.")  The roadblock as School sees it is that Labs takes an all or nothing approach.  In an attempt to move forward, Lambda School has suggested that the senior associates in the case for both parties take the lead in discovery meet and confer, in an attempt to obtain a different result.

| | | |
|---|---|---|
| Dated: July 28, 2020 | | MORRISON & FOERSTER LLP |

By: /s/ Jennifer Lee Taylor
Jennifer Lee Taylor
Nicholas Herrera
Robert S. Sandoval

Attorneys for Plaintiff
LAMBDA LABS, INC.

Dated: July 28, 2020                                      RIMON, P.C.

By: /s/ Karineh Khachatourian
Karineh Khachatourian
Nikolaus A. Woloszczuk

Attorneys for Defendant,
LAMBDA INC.

## **ATTESTATION**

I, Jennifer Lee Taylor, am the ECF user whose credentials were utilized in the electronic filing of this document. In accordance with Civil Local Rule 5-1(i)(3), I hereby attest that Karineh Khachatourian concurred in the filing of this document.

/s/ Jennifer Lee Taylor