JENNIFER LEE TAYLOR (CA SBN 161368)
JTaylor@mofo.com
JOYCE LIOU (CA SBN 277720)
JLiou@mofo.com
NICHOLAS HERRERA (CA SBN 301992)
NHerrera@mofo.com
RYAN ROMAIN (CA SBN 319603)
RRomain@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff
LAMBDA LABS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LAMBDA LABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> LAMBDA, INC., <br><br> Defendant. | Case No. 4:19-cv-04060-JST (TSH) <br><br> **LETTER BRIEF REGARDING LAMBDA SCHOOL'S FAILURE TO PARTICIPATE IN DISCOVERY** <br><br> Judge:   Magistrate Judge Thomas S. Hixson |

**Lambda's Statement**[1]

Usually, a court does not need to force a counterclaimant to participate in discovery on its own claims, or to order their dismissal if the counterclaimant elects not to prosecute them. This is not the case with Defendant Lambda, Inc. ("Lambda School"). Fourteen months ago, Lambda School added counterclaims to this lawsuit, which allege that Plaintiff Lambda Labs, Inc. ("Lambda") is infringing its rights in certain "Red Lambda"-formative trademarks that it acquired after Lambda filed suit.[2] Despite that long passage of time, Lambda School has produced no evidence to date to support its counterclaims. Now, with less than one month of fact discovery left, Lambda School informs Lambda and the Court that it does not intend to prosecute the counterclaims it initially pled by filing a motion for leave to file an amended complaint without those claims. (ECF No. 121.) But it refuses to dismiss those claims,[3] or to respond to *any* discovery about them: it objected wholesale to Lambda's recent document requests about the marks, refused to identify witnesses on Rule 30(b)(6) deposition topics related to the marks, ignored meet-and-confer efforts on these issues, and even refused to participate in drafting a joint submission to the Court. This combination of foot-dragging and inaction threatens to leave Lambda without discovery on *both* parties' claims on the Red Lambda Marks.

As an initial matter, so long as its original counterclaims on the Red Lambda Marks remain in the case—which they will until at least March 18, when its motion to amend will be heard at the earliest (several weeks after the discovery period ends on February 26)—Lambda School cannot refuse to participate in discovery about them. Separately, the discovery remains relevant to Lambda's declaratory judgment claim concerning the Red Lambda Marks, which will not be affected by Lambda School's motion. (ECF No. 47 at 18 (Sixth Claim).) With less than a month left in fact discovery, Lambda regrettably must ask the Court to instruct Lambda School of what should be painfully obvious—that it may not refuse to participate in discovery on live claims that remain in the case—and to order Lambda School to respond to the past-due discovery items outlined below within two business days.

Background. Lambda sued Lambda School for trademark infringement and related claims in July 2019. Four months later, in November 2019, Lambda School announced what its counsel called a "gamechanger": a claim that it acquired rights to several "Red Lambda"-

---

[1] Lambda School refused to provide its portion of a joint submission on this motion. (Ex. 14.)

[2] U.S. Reg. Nos. 4,113,747, 4,116,915, 4,113,746, 4,107,473, and 4,113,748 (the "Red Lambda Marks").

[3] Instead, after three weeks of delay, Lambda School moved to amend its pleading to introduce *new* counterclaims—less than one month before fact discovery ends, and after the January 27 deadline to serve new discovery has passed. (ECF No. 120.) Its motion is not a dismissal. Moreover, Lambda had already informed Lambda School (Ex. 13) that it does not consent to amendment and that the only way to moot this discovery would be for Lambda School to dismiss the Red Lambda counterclaims *with prejudice*, at which time Lambda would consider withdrawing its Sixth Claim for declaratory judgment claim regarding the Red Lambda Marks (ECF No. 47 at 18). Because Lambda School expressly refuses to dismiss with prejudice (ECF No. 121 at 7), Lambda's declaratory judgment claim will remain in the case.

formative trademarks from a cybersecurity company in Florida. (Ex. 1.) Lambda School claimed the Red Lambda Marks have priority over Lambda's use and registration of its LAMBDA® trademarks and threatened to bring counterclaims if Lambda continued to pursue this litigation. (*Id.*) Lambda amended its complaint to seek declaratory judgment that Lambda School does not own the Red Lambda marks because the purported assignment is an invalid assignment-in-gross. (ECF No. 47 at 18 (Sixth Claim).) Lambda School counterclaimed, alleging trademark infringement and seeking to cancel Lambda's federal registrations based upon the Red Lambda Marks. (ECF No. 52.)

Lambda held from the beginning that Lambda School's purported acquisition of the Red Lambda Marks was a ploy for litigation leverage and that it owned no rights in the marks.[4] Accordingly, it pursued discovery to support its declaratory judgment claim and to defend Lambda School's counterclaims, including dozens of document requests, interrogatories, requests for admission, and Rule 30(b)(6) deposition topics. (*See, e.g.*, Ex. 2 (RFP Nos. 2, 10, 12-25, 32, 38); Ex. 4 (RFP Nos. 133, 135-146); Ex. 6 (Interrog. Nos. 12-13); Ex. 7 (RFA Nos. 15, 17, 59-100); Ex. 8 (Rule 30(b)(6) deposition topics 47-66, 71, 73, 80, 96).) Lambda School's responses to all of these requests are insufficient. It agreed to produce documents about the Red Lambda Marks in response to early requests (*see generally* Ex. 3), but did not. In fact, it produced ***no*** internal documents about the marks or the services it claims to offer under them— only public materials that are insufficient to support its claims. Lambda raised this deficiency on December 16 (Ex. 10 at 5-6), but Lambda School stonewalled (Ex. 11 at 5) and then refused to respond to further correspondence on the issue (Ex. 12).

On January 8, Lambda School stated in meet-and-confer that it was *considering* dropping its Red Lambda counterclaims. It took no action for weeks, despite repeated inquiries by Lambda (Ex. 13). Then, on January 22, Lambda School refused to respond ***at all*** to requests in Lambda's Fourth Set of RFPs concerning Red Lambda, claiming those requests were "not relevant" based on its "representation that it is no longer pursuing its trademark infringement claims on the Red Lambda Marks." (Ex. 5 (RFP Nos. 135-146).) It also refuses to name witnesses on deposition topics concerning Red Lambda (Ex. 9 at 6 (Topics 47-66, 71, 73, 80, 82-83, 85-88, 96-97)), and even brazenly tried to "redefine[]" the terms in Lambda's 30(b)(6) notice to exclude Red Lambda (*id.* at 2 n.1).[5] Lambda provided its draft letter brief on January 26 and received no response (Ex. 14). On January 29, Lambda School filed its motion to amend. (ECF No. 121.)

Argument. Lambda School has not withdrawn its Red Lambda counterclaims, as it claimed it would, so those claims remain in the case, and Lambda is entitled to discovery about them. Lambda School's belated motion to amend its pleadings, which Lambda will oppose, does

---

[4] (ECF No. 47 ¶¶ 46-58.) Lambda School's purported acquisition of the Red Lambda Marks is an invalid assignment-in-gross for multiple reasons. Lambda School: (i) did not acquire any goodwill associated with the marks, (ii) does not provide services remotely similar to those of the prior owner, and (iii) in fact offers ***no*** Red Lambda goods or services at all, among other reasons.

[5] Lambda School also owes future responses (due February 1) to interrogatories and requests for admission about Red Lambda (Exs. 6, 7) and will presumably refuse to respond as it did on January 22.

not moot this discovery because its Red Lambda counterclaims will remain in the case until at least March 18, well after fact discovery has closed. Further, Lambda's declaratory judgment claim concerning the marks will remain in the case regardless of the outcome of Lambda School's motion to amend. In short, the Red Lambda Marks are still very much in this case—but Lambda School refuses to respond to *any* discovery about them.

Lambda School's refusal to provide discovery relevant to *both* parties' live claims is manifestly unreasonable. Lambda asks that the Court instruct Lambda School to respond to all outstanding discovery requests concerning the Red Lambda Marks, including the specific items listed below, within two business days of the Court's Order:

1. Produce documents in response to Lambda's RFP Nos. 133 and 135-146 concerning the Red Lambda Marks (*see* Exs, 4, 5);

2. Identify witnesses to testify on all Rule 30(b)(6) deposition topics concerning Red Lambda, including Topics 47-66, 71, 73, 80, 82-83, 85-88, 96-97 *and* all other topics in the notice that are defined to include the Red Lambda Marks (*see* Ex. 8);

3. Provide substantive responses to all future discovery concerning the Red Lambda Marks, including but not limited to Lambda's Second Set of Interrogatories and First Set of Requests for Admission (Exs. 6, 7); and

4. Respond to Lambda's correspondence concerning deficiencies in Lambda School's document production related to the Red Lambda Marks (Ex. 12).


Dated:      February 1, 2021          JENNIFER LEE TAYLOR
                                      JOYCE LIOU
                                      NICHOLAS HERRERA
                                      RYAN MICHAEL ROMAIN
                                      MORRISON & FOERSTER LLP


                                      By:   */s/ Jennifer Lee Taylor*
                                            JENNIFER LEE TAYLOR

                                            Attorneys for Plaintiff
                                            LAMBDA LABS, INC.