# EXHIBIT 1

RIMON, P.C.
Karineh Khachatourian (SBN 202634)
karinehk@rimonlaw.com
Nikolaus A. Woloszczuk (SBN 286633)
nikolaus.woloszczuk@rimonlaw.com
2479 E. Bayshore Road, Suite 210
Palo Alto, California 94303
Telephone: 650.461.4433
Facsimile: 650.461.4433

Attorneys for Defendant,
LAMBDA INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| LAMBDA LABS, INC., | Case No. 4:19-cv-04060-JST |
| Plaintiff, | **DEFENDANT LAMBDA INC.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY PLAINTIFF LAMBDA LABS, INC.** |
| v. | |
| LAMBDA, INC., | |
| Defendant. | The Hon. Jon S. Tigar |

1    Pursuant to Federal Rule of Civil Procedure 34, Defendant Lambda Inc. ("Responding

2    Party" or "Defendant" or "Lambda School") hereby submits these responses and objections to the

3    Second Set of Requests for Production ("Request" or "Requests") propounded by Plaintiff

4    Lambda Labs, Inc. ("Propounding Party" or "Plaintiff" or "Labs").

5                                    **PRELIMINARY STATEMENT**

6    Lambda School has not completed its investigation of the facts relating to this case, its

7    discovery, or its preparation for trial.  All responses and objections contained herein are based

8    only upon information that is presently available to and specifically known by Lambda School.  It

9    is anticipated that further discovery, independent investigation, legal research and analysis will

10   supply additional facts and add meaning to known facts, as well as establish entirely new factual

11   conclusions and legal contentions, all of which may lead to substantial additions to, changes in and

12   variations from the responses set forth herein.

13   These responses, while based on diligent inquiry and investigation by Lambda School,

14   reflect only the current state of Lambda School's knowledge, understanding, and belief, based

15   upon the information reasonably available to it at this time.  As this action proceeds, and further

16   investigation and discovery are conducted, additional or different facts and information could be

17   revealed to Lambda School.  Moreover, Lambda School anticipates that Labs may make legal or

18   factual contentions presently unknown to and unforeseen by Lambda School which may require

19   Lambda School to adduce further facts in rebuttal to such contentions.  Consequently, Lambda

20   School may not yet have knowledge and may not fully understand the significance of information

21   potentially pertinent to these Requests.  Accordingly, these responses are provided without

22   prejudice to Lambda School's right to rely upon and use any information that it subsequently

23   discovers, or that was omitted from these responses as a result of mistake, inadvertence, surprise,

24   or excusable neglect.  Without in any way obligating itself to do so, Lambda School reserves the

25   right to modify, supplement, revise, or amend these responses, and to correct any inadvertent

26   errors or omissions which may be contained herein, in light of the information that Lambda

27   School may subsequently obtain or discover.

28   Nothing in this response should be construed as an admission by Lambda School with

1

respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Labs' Requests.

Each of the following responses is made solely for the purpose of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All objections and grounds are expressly reserved and may be interposed at the time of trial, hearing, or otherwise. Furthermore, each of the objections contained herein is incorporated by reference as though fully set forth in each response. The fact that Lambda School asserts general or specific objections to a Request does not imply, nor should it be deemed or construed as, a representation that such requested information exists.

Nothing contained herein is to be construed as a waiver of any attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege or doctrine. To the extent any Request for production of documents may be construed as calling for disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, common interest privilege, or any other privilege or protection, a continuing objection to each and every such Request for production of documents is hereby interposed.

## GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION

Lambda School incorporates the following general objections ("General Objections"), which are set forth as follows to avoid excessive duplication, into the responses to each individual Request as though set forth in full therein. Lambda School does not waive any General Objection in response to any Request, and its General Objections are not limited in any way by specific objections and response to any Request.

1.      Lambda School objects generally to the Requests to the extent any Request, definition, or instruction attempts to impose obligations extending beyond those required or authorized by the Federal Rules of Civil Procedure, the Court's Local Rules, the Court's Scheduling Order, or other applicable rules or orders.

2.      Lambda School objects generally to Labs' characterization of facts, documents, theories, or conclusions in the Requests and Definitions. In Responding to the Requests, Lambda

1   School does not admit or accept Labs' characterization of facts, documents, theories, or

2   conclusions.

3          3.      Lambda School objects generally to the Requests to the extent that they

4   prematurely seek expert opinions.

5          4.      Lambda School objects generally to the Requests to the extent they are not relevant

6   to any party's claim or defense and not proportional to the needs of the case, considering the

7   importance of the issues at stake in the action, the amount in controversy, the parties' relative

8   access to relevant information, the parties' resources, the importance of the discovery in resolving

9   the issues, and whether the burden or expense of the proposed discovery outweighs its likely

10  benefit.

11         5.      Lambda School objects generally to the Requests to the extent they are vague,

12  indefinite, ambiguous, fail to describe the information sought with the required reasonable

13  particularity, without limitation as to time, geographic location or specific subject matter, or is

14  calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda

15  School.

16         6.       Lambda School objects generally to the Requests to the extent that they seek to

17  impose an obligation to investigate or discover information, materials, or documents from third

18  parties.  Lambda School will respond for itself only and based on information within its

19  possession, custody, or control.

20         7.      Lambda School objects generally to the Requests to the extent that they could be

21  construed to seek the disclosure of information, or the production of documents, covered by Rules

22  26(b)(3), Trial Preparation, Materials, and 26(b)(4), Trial Preparation, Experts, of the Federal

23  Rules of Civil Procedure, without the requisite showings.

24         8.      Lambda School objects to all definitions, instructions, and Requests to the extent

25  that they purport to define words or phrases to have a meaning different from their commonly

26  understood meanings or to include more than their commonly understood definitions, including

27  without limitation, the purported definitions of  "Lambda School," "You," "Your," "Relating to,"

28  "Person," "Persons," "Documents," "Communication," "Identify," "All," "Any," "And," and

3

"Or." These definitions, instructions, and Requests are overbroad, unduly burdensome, and overly complex.

9.     Lambda School objects to the purported definitions of  terms "Lambda School," "You," and "Your," to the extent it purports to include a boundless range of persons or entities, including all "predecessors," "subsidiaries," and "affiliates," and all past or present "directors," "officers," "agents," "representatives," "employees," "consultants," "attorneys," and "others acting on its behalf" and seeks information that is not proportional to the needs of the case not relevant to any party's claim or defense. Lambda School is not in a position to reasonably discern the identities of such other persons and entities of their purported connections to the named Defendant, Lambda Inc. (Lambda School).

10.     Lambda School objects to the purported definitions of the term "Relating to" to the extent it is vague, ambiguous, overbroad, and therefore, unduly burdensome and oppressive, and to the extent they purport to include information within the scope of the attorney-client privilege, the work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery.

11.     Lambda School objects to all Requests that include "concerning" and "regarding" to the extent that they are unreasonably overbroad in scope, and thus burdensome and oppressive, in that each such Request seeks information pertaining to items and matters that are not relevant to the subject matter of this action, or, if relevant, so remote therefrom as to make its disclosure of little or no practical benefit to Labs, while placing a wholly unwarranted burden and expense on Lambda School in locating, reviewing and producing the requested information.

12.     Lambda School objects to the purported definitions of the term "Person" and "Persons," to the extent it purports to include a boundless range of persons or entities, including "corporations," "companies," "firms," "partnerships," "joint ventures," "proprietorships," "associations," and "governmental bodies or agencies" and seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case. Lambda School further objects to this definition to the extent it is overbroad and unduly burdensome.

13.     Lambda School objects to the purported definitions of the term "Document" and

4

"Documents," to the extent it is vague, ambiguous, overbroad, and therefore, unduly burdensome and oppressive.

14.     Lambda School objects to the purported definitions of the term "Communication and "Communications," to the extent it is vague, ambiguous, overbroad, and therefore, unduly burdensome and oppressive.

15.     Lambda School objects to all Requests that includes "versions," "drafts," "contracts," and "written agreements" to the extent that they are unreasonably overbroad in scope, and thus unduly burdensome and oppressive, in that each such Request seeks information pertaining to items and matters that are not relevant to the subject matter of this action, or, if relevant, so remote as to make its disclosure of little or no practical benefit to Lambda, while placing a wholly unwarranted burden and expense on Lambda School in locating, reviewing and producing the requested information.

16.     Lambda School objects to the purported definition of the term "Identify" as vague, ambiguous, and overbroad, and therefore, unduly burdensome and oppressive, and to the extent it purports to include some unknown meaning purportedly derived from documents not included in Labs' Requests. Lambda School also objects to the purported definition of the term "Identify" to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case.

17.     Lambda School also objects to the purported definition of the term "Identify" to the extent it seeks documents that are subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation, including with respect to the right to privacy under state and federal laws.

18.     Lambda School objects to the purported definition of the term "Date" to the extent it purports to define words or phrases to have a meaning different from their commonly understood meanings, including "approximate date." The purported definition of the term "Date" is vague, ambiguous, and overbroad, and therefore unduly burdensome and oppressive since both Labs and Lambda School agreed that the relevant time period for these requests is January 1, 2016 to the present.

19. Lambda School objects to all definitions, instructions, and Requests to the extent that they purport to define words or phrases to have a meaning different from their commonly understood meanings or to include more than their commonly understood definitions, including without limitation, the purported definitions of "All," "Or," "Any," and "And." These instructions are overbroad, unduly burdensome, and overly complex.

20. Lambda School also objects to the purported definitions of the terms "All," "Or," "Any," and "And" to the extent they are vague, ambiguous, overbroad, and therefore, unduly burdensome and oppressive, and to the extent they purport to include information within the scope of the attorney-client privilege, the work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery. Lambda School interprets the terms "All," "Or," "Any," and "And" in accordance with its ordinary meaning.

21. Lambda School objects generally to the Requests to the extent that they are burdensome and oppressive, in that ascertaining the information necessary to respond to them would require the review and compilation of information from multiple locations, and voluminous records and files, thereby involving substantial time of employees of Lambda School and great expense to Lambda School, whereas the information sought to be obtained by Labs would be of little use or benefit to Labs.

22. Lambda School objects generally to the Requests to the extent that they seek information at least some of which is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery.

23. Lambda School objects generally to the Requests to the extent that they seek to have Lambda School furnish information that is a matter of the public record, or is equally available to Labs as they are to Lambda School.

24. Lambda School objects to each Request, definition and instruction as unduly burdensome to the extent it calls for Lambda School to collect, review, or produce documents or electronically stored information that is not reasonably accessible under the Federal Rules of Civil Procedure, including without limitation, audio recordings, ephemeral data, mobile device data,

1   instant messaging, archives, or information on back-up tapes.

2       25.    Lambda further objects to the extent that these requests for production purport

3   Lambda to provide information absent an appropriate order governing discovery of electronically

4   stored information (ESI).  Lambda will produce documents as indicated below within a reasonable

5   time after an ESI procedure is entered by the Court.

6       Lambda School expressly incorporates each of the foregoing General Objections into each

7   specific response to the Requests below as if set forth in full therein.  An answer to a Request is

8   not intended to be a waiver of any applicable specific or general objection to such Request.

9       Without waiver of the foregoing, Lambda School further responds as follows:

10                      **RESPONSES TO REQUESTS FOR PRODUCTION**

11  **REQUEST FOR PRODUCTION NO. 55:**

12      All documents and communications relating to the Business Insider article titled "Lambda

13  School is Silicon Valley's big bet on reinventing education and making student debt obsolete.  But

14  students say it's a 'cult' and they would have been better off learning on their own," dated October

15  11, 2019. *See* https://www.businessinsider.com/lambda-school-coding-bootcamp-y-combinator-

16  cult-2019-10.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

18      Lambda School incorporates by reference its general objections above as if fully set forth

19  herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous,

20  overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the

21  terms "All," "documents," "communications," and "relating to" as they are vague, indefinite,

22  ambiguous, and fails to describe the information sought with the required reasonable particularity,

23  without limitation to specific subject matter, and is calculated, or would operate to annoy,

24  embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further objects

25  to this Request to the extent it seeks information that is not relevant to any party's claim or

26  defense and not proportional to the needs of the case, considering the importance of the issues at

27  stake in the action, the amount in controversy, the parties' relative access to relevant information,

28  the parties' resources, the importance of the discovery in resolving the issues, and whether the

1   burden or expense of the proposed discovery outweighs its likely benefit.  Lambda School

2   similarly objects to this Request to the extent that it seeks information that is not within the

3   possession, custody, or control of Lambda School, that is as easily available to Plaintiff as to

4   Lambda School, that is already known to Plaintiff or within its possession, or is a matter of public

5   record. Lambda School also objects to this Request to the extent that it is irrelevant to the

6   allegations set forth in Plaintiff's Amended Complaint since it did not allege trademark dilution or

7   tarnishment.  To the contrary, Plaintiff's only allegation that could be remotely relevant is its

8   alleged loss of goodwill damages claim.  Yet even that claim does not warrant such intrusive and

9   overbroad discovery, since the scope of damage to goodwill discovery is tied to what is publicly

10  available or information within Lab's possession, custody or control, not discovery on underlying

11  documents concerning articles Lambda School did not author or internal or other types of non-

12  public information about the article.  Lambda School further objects to this Request to the extent

13  that it seeks information that is protected by the attorney-client privilege, the attorney work-

14  product doctrine, common interest privilege, or any other applicable privilege, protection, or

15  immunity from discovery.  Lambda School also objects to this Request to the extent it seeks

16  documents that are subject to a right to privacy under state and federal laws.

17  **REQUEST FOR PRODUCTION NO. 56:**

18      All documents and communications relating to the Information article titled "Lambda

19  School's Growing Pains: Big Buzz, Student Complaints," dated January 23, 2020. *See*

20  https://www.theinformation.com/articles/lambda-schools-growing-pains-big-buzz-student-

21  complaints.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

23      Lambda School incorporates by reference its general objections above as if fully set forth

24  herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous,

25  overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the

26  terms  "All," "documents," "communications," and "relating to" as they are vague, indefinite,

27  ambiguous, and fails to describe the information sought with the required reasonable particularity,

28  without limitation to specific subject matter, and is calculated, or would operate to annoy,

8

embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further objects

to this Request to the extent it seeks information that is not relevant to any party's claim or

defense and not proportional to the needs of the case, considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit.  Lambda School

similarly objects to this Request to the extent that it seeks information that is not within the

possession, custody, or control of Lambda School, that is as easily available to Plaintiff as to

Lambda School, that is already known to Plaintiff or within its possession, or is a matter of public

record. Lambda School also objects to this Request to the extent that it is irrelevant to the

allegations set forth in Plaintiff's Amended Complaint since it did not allege trademark dilution or

tarnishment.  To the contrary, Plaintiff's only allegation that could be remotely relevant is its

alleged loss of goodwill damages claim.  Yet even that claim does not warrant such intrusive and

overbroad discovery, since the scope of damage to goodwill discovery is tied to what is publicly

available or information within Lab's possession, custody or control, not discovery on underlying

documents concerning articles Lambda School did not author or internal or other types of non-

public information about the article.  Lambda School further objects to this Request to the extent

that it seeks information that is protected by the attorney-client privilege, the attorney work-

product doctrine, common interest privilege, or any other applicable privilege, protection, or

immunity from discovery.  Lambda School also objects to this Request to the extent it seeks

documents that are subject to a right to privacy under state and federal laws.

**REQUEST FOR PRODUCTION NO. 57:**

All documents and communications relating to the Verge article titled "The High Cost of

A Free Coding Bootcamp," dated February 11, 2020. *See*

https://www.theverge.com/2020/2/11/21131848/lambda-school-codingbootcamp-isa-tuition-cost-

free.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Lambda School incorporates by reference its general objections above as if fully set forth

herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous, overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms  "All," "documents," "communications," and "relating to" as they are vague, indefinite, ambiguous, and fails to describe the information sought with the required reasonable particularity, without limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Lambda School similarly objects to this Request to the extent that it seeks information that is not within the possession, custody, or control of Lambda School, that is as easily available to Plaintiff as to Lambda School, that is already known to Plaintiff or within its possession, or is a matter of public record. Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint since it did not allege trademark dilution or tarnishment.  To the contrary, Plaintiff's only allegation that could be remotely relevant is its alleged loss of goodwill damages claim.  Yet even that claim does not warrant such intrusive and overbroad discovery, since the scope of damage to goodwill discovery is tied to what is publicly available or information within Lab's possession, custody or control, not discovery on underlying documents concerning articles Lambda School did not author or internal or other types of non-public information about the article.  Lambda School further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery.  Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to privacy under state and federal laws.

**REQUEST FOR PRODUCTION NO. 58:**

All documents and communications relating to the Business Insider article titled "Lambda

10

School, a buzzy online coding bootcamp backed by big Silicon Valley names, could be placing far fewer graduates in jobs than it says," dated February 19, 2020. *See* https://www.businessinsider.com/lambda-school-graduation-placement-rate-2020-2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Lambda School incorporates by reference its general objections above as if fully set forth herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous, overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms  "All," "documents," "communications," and "relating to" as they are vague, indefinite, ambiguous, and fails to describe the information sought with the required reasonable particularity, without limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Lambda School similarly objects to this Request to the extent that it seeks information that is not within the possession, custody, or control of Lambda School, that is as easily available to Plaintiff as to Lambda School, that is already known to Plaintiff or within its possession, or is a matter of public record. Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint since it did not allege trademark dilution or tarnishment.  To the contrary, Plaintiff's only allegation that could be remotely relevant is its alleged loss of goodwill damages claim.  Yet even that claim does not warrant such intrusive and overbroad discovery, since the scope of damage to goodwill discovery is tied to what is publicly available or information within Lab's possession, custody or control, not discovery on underlying documents concerning articles Lambda School did not author or internal or other types of non-public information about the article.  Lambda School further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-

11

1  product doctrine, common interest privilege, or any other applicable privilege, protection, or

2  immunity from discovery.  Lambda School also objects to this Request to the extent it seeks

3  documents that are subject to a right to privacy under state and federal laws.

4  **REQUEST FOR PRODUCTION NO. 59:**

5       All documents and communications relating to the New York Magazine article titled

6  "Lambda School's Misleading Promises," dated February 19, 2020. *See*

7  https://nymag.com/intelligencer/2020/02/lambda-schools-job-placement-rate-is-lower-than-

8  claimed.html.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

10      Lambda School incorporates by reference its general objections above as if fully set forth

11  herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous,

12  overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the

13  terms  "All," "documents," "communications," and "relating to" as they are vague, indefinite,

14  ambiguous, and fails to describe the information sought with the required reasonable particularity,

15  without limitation to specific subject matter, and is calculated, or would operate to annoy,

16  embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further objects

17  to this Request to the extent it seeks information that is not relevant to any party's claim or

18  defense and not proportional to the needs of the case, considering the importance of the issues at

19  stake in the action, the amount in controversy, the parties' relative access to relevant information,

20  the parties' resources, the importance of the discovery in resolving the issues, and whether the

21  burden or expense of the proposed discovery outweighs its likely benefit.  Lambda School

22  similarly objects to this Request to the extent that it seeks information that is not within the

23  possession, custody, or control of Lambda School, that is as easily available to Plaintiff as to

24  Lambda School, that is already known to Plaintiff or within its possession, or is a matter of public

25  record. Lambda School also objects to this Request to the extent that it is irrelevant to the

26  allegations set forth in Plaintiff's Amended Complaint since it did not allege trademark dilution or

27  tarnishment.  To the contrary, Plaintiff's only allegation that could be remotely relevant is its

28  alleged loss of goodwill damages claim.  Yet even that claim does not warrant such intrusive and

overbroad discovery, since the scope of damage to goodwill discovery is tied to what is publicly available or information within Lab's possession, custody or control, not discovery on underlying documents concerning articles Lambda School did not author or internal or other types of non-public information about the article.  Lambda School further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery.  Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to privacy under state and federal laws.

**REQUEST FOR PRODUCTION NO. 60:**

All documents and communications relating to the interview of Austen Allred referenced in the New York Magazine article "Lambda School's Misleading Promises," dated February 19, 2020. *See* https://nymag.com/intelligencer/2020/02/lambda-schools-job-placement-rate-is-lower-than-claimed.html.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Lambda School incorporates by reference its general objections above as if fully set forth herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous, overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms  "All," "documents," "communications," "interview," and "relating to" as they are vague, indefinite, ambiguous, and fails to describe the information sought with the required reasonable particularity, without limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Lambda School similarly objects to this Request to the extent that it seeks information that is not within the possession, custody, or control of Lambda School, that is as easily available to Plaintiff as to

13

Lambda School, that is already known to Plaintiff or within its possession, or is a matter of public record. Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint since it did not allege trademark dilution or tarnishment.  To the contrary, Plaintiff's only allegation that could be remotely relevant is its alleged loss of goodwill damages claim.  Yet even that claim does not warrant such intrusive and overbroad discovery, since the scope of damage to goodwill discovery is tied to what is publicly available or information within Lab's possession, custody or control, not discovery on underlying documents concerning articles Lambda School did not author or internal or other types of non-public information about the article.  Lambda School further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery.  Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to privacy under state and federal laws.

**REQUEST FOR PRODUCTION NO. 61:**

All versions, including drafts, of the May 2019 investment memorandum titled "Human Capital: The Last Unoptimized Asset Class."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Lambda School incorporates by reference its general objections above as if fully set forth herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous, overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms  "All," "versions," "drafts," and "May 2019 investment memorandum" as they are vague, indefinite, ambiguous, and fail to describe the information sought with the required reasonable particularity, without limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

14

1  burden or expense of the proposed discovery outweighs its likely benefit.  Lambda School also

2  objects to this Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's

3  Amended Complaint since it did not allege trademark dilution or tarnishment.  To the contrary,

4  Plaintiff's only allegation that could be remotely relevant is its alleged loss of goodwill damages

5  claim.  Yet even that claim does not warrant such intrusive and overbroad discovery, since the

6  scope of damage to goodwill discovery is tied to information not within Lambda School's

7  possession, custody or control. Lambda School further objects to this Request to the extent that it

8  seeks information that is protected by the attorney-client privilege, the attorney work-product

9  doctrine, common interest privilege, or any other applicable privilege, protection, or immunity

10  from discovery.  Lambda School also objects to this Request to the extent it seeks documents that

11  are subject to a right to privacy under state and federal laws.

12  **REQUEST FOR PRODUCTION NO. 62:**

13      All documents and communications concerning the May 2019 investment memorandum

14  titled "Human Capital: The Last Unoptimized Asset Class."

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

16      Lambda School incorporates by reference its general objections above as if fully set forth

17  herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous,

18  overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the

19  terms  "All," "documents," "communications," "May 2019 investment memorandum," and

20  "concerning" as they are vague, indefinite, ambiguous, and fails to describe the information sought

21  with the required reasonable particularity, without limitation to specific subject matter, and is

22  calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda

23  School.  Lambda School further objects to this Request to the extent it seeks information that is

24  not relevant to any party's claim or defense and not proportional to the needs of the case,

25  considering the importance of the issues at stake in the action, the amount in controversy, the

26  parties' relative access to relevant information, the parties' resources, the importance of the

27  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

28  outweighs its likely benefit.  Lambda School also objects to this Request to the extent that it is

irrelevant to the allegations set forth in Plaintiff's Amended Complaint since it did not allege

trademark dilution or tarnishment.  To the contrary, Plaintiff's only allegation that could be

remotely relevant is its alleged loss of goodwill damages claim.  Yet even that claim does not

warrant such intrusive and overbroad discovery, since the scope of damage to goodwill discovery

is tied to information not within Lambda School's possession, custody or control. Lambda School

also objects to this Request as to the extent it is unreasonably cumulative, oppressive, redundant,

and/or duplicative of at least Plaintiff's Request for Production No. 61.  Lambda School further

objects to this Request to the extent that it seeks information that is protected by the attorney-

client privilege, the attorney work-product doctrine, common interest privilege, or any other

applicable privilege, protection, or immunity from discovery.  Lambda School also objects to this

Request to the extent it seeks documents that are subject to a right to privacy under state and

federal laws.

**REQUEST FOR PRODUCTION NO. 63:**

All documents and communications concerning any arrangements between Lambda School

and investors relating to income sharing agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Lambda School incorporates by reference its general objections above as if fully set forth

herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous,

overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the

terms  "All," "documents," "communications," "concerning," "any," "arrangements," "relating

to," "investors," and "income sharing agreements," as they are vague, indefinite, ambiguous, and

fails to describe the information sought with the required reasonable particularity, without

limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass,

oppress, or unduly cause expense to Lambda School.  Lambda School further objects to this

Request to the extent it seeks information that is not relevant to any party's claim or defense and

not proportional to the needs of the case, considering the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or

16

expense of the proposed discovery outweighs its likely benefit.  Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint.  Lambda School has already produced form agreements in response to a previous request, bearing bates numbers  LS 00000001 - 116, which is arguably the only relevant subject matter.  Lambda School further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery.  Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to privacy or confidentiality under state and federal laws or contract.

**REQUEST FOR PRODUCTION NO. 64:**

All contracts or written agreements between Lambda School and investors relating to income sharing agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Lambda School incorporates by reference its general objections above as if fully set forth herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous, overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms  "All," "contracts," "written agreements," "relating to," "investors," and "income sharing agreement," as they are vague, indefinite, ambiguous, and fails to describe the information sought with the required reasonable particularity, without limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint.  Lambda School has already produced form agreements in response to a previous request, bearing bates numbers LS

17

00000001 - 116, which is arguably the only relevant subject matter.  Lambda School also objects to this Request to the extent it is unreasonably cumulative, oppressive, redundant, and/or duplicative of at least Plaintiff's Request for Production No. 63.  Lambda School further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery.  Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to privacy or confidentiality under state and federal laws or contract.

**REQUEST FOR PRODUCTION NO. 65:**

All communications with Edly.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Lambda School incorporates by reference its general objections above as if fully set forth herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous, overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms  "All," "communications," and "Edly," as they are vague, indefinite, ambiguous, and fails to describe the information sought with the required reasonable particularity, without limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint. Lambda School further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery.  Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to

18

1  privacy or confidentiality under state and federal laws or contract.

2  **REQUEST FOR PRODUCTION NO. 66:**

3      All documents and communications concerning feedback or complaints from Lambda

4  School employees, Team Leads, or contractors regarding Lambda School.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

6      Lambda School incorporates by reference its general objections above as if fully set forth

7  herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous,

8  overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the

9  terms  "All," "documents," "communications," "concerning," "feedback," "complaints," "Team

10  Leads," "contractors," and "regarding," as they are vague, indefinite, ambiguous, and fails to

11  describe the information sought with the required reasonable particularity, without limitation to

12  specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or

13  unduly cause expense to Lambda School.  Lambda School further objects to this Request to the

14  extent it seeks information that is not relevant to any party's claim or defense and not proportional

15  to the needs of the case, considering the importance of the issues at stake in the action, the amount

16  in controversy, the parties' relative access to relevant information, the parties' resources, the

17  importance of the discovery in resolving the issues, and whether the burden or expense of the

18  proposed discovery outweighs its likely benefit.  Lambda School similarly objects to this Request

19  to the extent that it seeks information that is not within the possession, custody, or control of

20  Lambda School. Lambda School also objects to this Request to the extent that it is irrelevant to the

21  allegations set forth in Plaintiff's Amended Complaint since it did not allege trademark dilution or

22  tarnishment.  To the contrary, Plaintiff's only allegation that could be remotely relevant is its

23  alleged loss of goodwill damages claim.  Yet even that claim does not warrant such intrusive and

24  overbroad discovery, since the scope of damage to goodwill discovery is tied to what is publicly

25  available or information within Lab's possession, custody or control not discovery on internal

26  "feedback" and "complaints". Lambda School further objects to this Request to the extent that it

27  seeks information that is protected by the attorney-client privilege, the attorney work-product

28  doctrine, common interest privilege, or any other applicable privilege, protection, or immunity

19

from discovery.  Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to privacy or confidentiality under state and federal laws or contract.

**REQUEST FOR PRODUCTION NO. 67:**

All documents and communications concerning feedback or complaints from students or graduates regarding Lambda School.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Lambda School incorporates by reference its general objections above as if fully set forth herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous, overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms  "All," "documents," "students," "communications," "concerning," "feedback," "complaints,"  and "regarding," as they are vague, indefinite, ambiguous, and fails to describe the information sought with the required reasonable particularity, without limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Lambda School similarly objects to this Request to the extent that it seeks information that is not within the possession, custody, or control of Lambda School. Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint since it did not allege trademark dilution or tarnishment.  To the contrary, Plaintiff's only allegation that could be remotely relevant is its alleged loss of goodwill damages claim.  Yet even that claim does not warrant such intrusive and overbroad discovery, since the scope of damage to goodwill discovery is tied to what is publicly available or information within Lab's possession, custody or control not discovery on internal "feedback" and "complaints". Lambda School further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, common

20

interest privilege, or any other applicable privilege, protection, or immunity from discovery. Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to privacy or confidentiality under state and federal laws or contract.

**REQUEST FOR PRODUCTION NO. 68:**

All documents and communications relating to any students who have withdrawn from Lambda School and their reasons for doing so.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Lambda School incorporates by reference its general objections above as if fully set forth herein. Lambda School objects to this Request on the grounds that it is vague, ambiguous, overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms "All," "documents," "communications," "students," "relating," "any," "withdrawn," and "reasons for doing so," as they are vague, indefinite, ambiguous, and fails to describe the information sought with the required reasonable particularity, without limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School. Lambda School further objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Lambda School similarly objects to this Request to the extent that it seeks information that is not within the possession, custody, or control of Lambda School. Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint since it did not allege trademark dilution or tarnishment. To the contrary, Plaintiff's only allegation that could be remotely relevant is its alleged loss of goodwill damages claim. Yet even that claim does not warrant such intrusive and overbroad discovery, since the scope of damage to goodwill discovery is tied to what is publicly available or information within Lab's possession, custody or control not discovery on internal Lambda School "documents" or "communications". Lambda School further objects to this Request to the extent

21

that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery.  Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to privacy or confidentiality under state and federal laws or contract.

**REQUEST FOR PRODUCTION NO. 69:**

All documents and communications concerning the Twitter account @LambdaScam.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Lambda School incorporates by reference its general objections above as if fully set forth herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous, overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms  "All," "documents," "communications," "@LambdaScam," and "concerning" as they are vague, indefinite, ambiguous, and fails to describe the information sought with the required reasonable particularity, without limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Lambda School similarly objects to this Request to the extent that it seeks information that is not within the possession, custody, or control of Lambda School, that is as easily available to Plaintiff as to Lambda School, that is already known to Plaintiff or within its possession, or is a matter of public record. Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint since it did not allege trademark dilution or tarnishment.  To the contrary, Plaintiff's only allegation that could be remotely relevant is its alleged loss of goodwill damages claim.  Yet even that claim does not warrant such intrusive and overbroad discovery, since the scope of damage to goodwill discovery is tied to what is publicly

22

available or information within Lab's possession, custody or control not discovery on underlying information about a Twitter account Lambda School does not control. Lambda School further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery. Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to privacy or confidentiality under state and federal laws or contract.

**REQUEST FOR PRODUCTION NO. 70:**

All documents and communications concerning any requests by students to cancel their income sharing agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Lambda School incorporates by reference its general objections above as if fully set forth herein. Lambda School objects to this Request on the grounds that it is vague, ambiguous, overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms "All," "documents," "communications," "concerning," "any," "requests," "students," "cancel," and "income sharing agreements," as they are vague, indefinite, ambiguous, and fails to describe the information sought with the required reasonable particularity, without limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School. Lambda School further objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Lambda School similarly objects to this Request to the extent that it seeks information that is not within the possession, custody, or control of Lambda School. Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint since it did not allege trademark dilution or tarnishment. To the contrary, Plaintiff's only allegation that could be remotely relevant is its

alleged loss of goodwill damages claim.  Yet even that claim does not warrant such intrusive and overbroad discovery, since the scope of damage to goodwill discovery is tied to what is publicly available or information within Lab's possession, custody or control not discovery on internal Lambda School "communications". Lambda School further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery.  Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to privacy or confidentiality under state and federal laws or contract.

**REQUEST FOR PRODUCTION NO. 71:**

All documents and communications concerning any efforts by Lambda School students to organize.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Lambda School incorporates by reference its general objections above as if fully set forth herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous, overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms  "All," "documents," "communications," "concerning," "any," "efforts"  "students," and "organize," as they are vague, indefinite, ambiguous, and fails to describe the information sought with the required reasonable particularity, without limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Lambda School similarly objects to this Request to the extent that it seeks information that is not within the possession, custody, or control of Lambda School. Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set forth in

24

Plaintiff's Amended Complaint.  Lambda School further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery.  Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to privacy or confidentiality under state and federal laws or contract.

**REQUEST FOR PRODUCTION NO. 72:**

All documents and communications concerning Bethany Surber.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Lambda School incorporates by reference its general objections above as if fully set forth herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous, overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms  "All," "documents," "communications," "Bethany Surber," and "concerning," as they are vague, indefinite, ambiguous, and fails to describe the information sought with the required reasonable particularity, without limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Lambda School similarly objects to this Request to the extent that it seeks information that is not within the possession, custody, or control of Lambda School. Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint.  Lambda School further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery. Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to privacy or confidentiality under state and federal laws or contract.

1  **REQUEST FOR PRODUCTION NO. 73:**

2      All documents and communications concerning Tyler Nishida.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

4      Lambda School incorporates by reference its general objections above as if fully set forth

5  herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous,

6  overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the

7  terms  "All," "documents," "communications," "Tyler Nishida," and "concerning," as they are

8  vague, indefinite, ambiguous, and fails to describe the information sought with the required

9  reasonable particularity, without limitation to specific subject matter, and is calculated, or would

10  operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School.  Lambda

11  School further objects to this Request to the extent it seeks information that is not relevant to any

12  party's claim or defense and not proportional to the needs of the case, considering the importance

13  of the issues at stake in the action, the amount in controversy, the parties' relative access to

14  relevant information, the parties' resources, the importance of the discovery in resolving the

15  issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

16  Lambda School similarly objects to this Request to the extent that it seeks information that is not

17  within the possession, custody, or control of Lambda School. Lambda School also objects to this

18  Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended

19  Complaint.  Lambda School further objects to this Request to the extent that it seeks information

20  that is protected by the attorney-client privilege, the attorney work-product doctrine, common

21  interest privilege, or any other applicable privilege, protection, or immunity from discovery.

22  Lambda School also objects to this Request to the extent it seeks documents that are subject to a

23  right to privacy or confidentiality under state and federal laws or contract.

24  **REQUEST FOR PRODUCTION NO. 74:**

25      All documents and communications concerning Antonio Melendez.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

27      Lambda School incorporates by reference its general objections above as if fully set forth

28  herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous,

1  overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the

2  terms  "All," "documents," "communications," "Antonio Melendez," and "concerning," as they

3  are vague, indefinite, ambiguous, and fails to describe the information sought with the required

4  reasonable particularity, without limitation to specific subject matter, and is calculated, or would

5  operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School.  Lambda

6  School further objects to this Request to the extent it seeks information that is not relevant to any

7  party's claim or defense and not proportional to the needs of the case, considering the importance

8  of the issues at stake in the action, the amount in controversy, the parties' relative access to

9  relevant information, the parties' resources, the importance of the discovery in resolving the

10  issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

11  Lambda School similarly objects to this Request to the extent that it seeks information that is not

12  within the possession, custody, or control of Lambda School. Lambda School also objects to this

13  Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended

14  Complaint.  Lambda School further objects to this Request to the extent that it seeks information

15  that is protected by the attorney-client privilege, the attorney work-product doctrine, common

16  interest privilege, or any other applicable privilege, protection, or immunity from discovery.

17  Lambda School also objects to this Request to the extent it seeks documents that are subject to a

18  right to privacy or confidentiality under state and federal laws or contract.

19  **REQUEST FOR PRODUCTION NO. 75:**

20      All documents and communications concerning Lambda School's accreditation status or

21  lack thereof.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

23      Lambda School incorporates by reference its general objections above as if fully set forth

24  herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous,

25  overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the

26  terms  "All," "documents," "communications," "accreditation status," "or lack thereof," and

27  "concerning," as they are vague, indefinite, ambiguous, and fails to describe the information

28  sought with the required reasonable particularity, without limitation to specific subject matter, and

27

is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School. Lambda School further objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Lambda School similarly objects to this Request to the extent that it seeks information that is not within the possession, custody, or control of Lambda School. Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint. Lambda School further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery. Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to privacy or confidentiality under state and federal laws or contract.

**REQUEST FOR PRODUCTION NO. 76:**

All communications with the California Bureau for Private Postsecondary Education ("BPPE").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Lambda School incorporates by reference its general objections above as if fully set forth herein. Lambda School objects to this Request on the grounds that it is vague, ambiguous, overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms "All," "communications," and "California Bureau for Private Postsecondary Education ('BPPE')," as they are vague, indefinite, ambiguous, and fails to describe the information sought with the required reasonable particularity, without limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School. Lambda School further objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

28

1  parties' relative access to relevant information, the parties' resources, the importance of the

2  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

3  outweighs its likely benefit.  Lambda School similarly objects to this Request to the extent that it

4  seeks information that is not within the possession, custody, or control of Lambda School. Lambda

5  School also objects to this Request to the extent that it is irrelevant to the allegations set forth in

6  Plaintiff's Amended Complaint. Lambda School further objects to this Request to the extent that it

7  seeks information that is protected by the attorney-client privilege, the attorney work-product

8  doctrine, common interest privilege, or any other applicable privilege, protection, or immunity

9  from discovery.  Lambda School also objects to this Request to the extent it seeks documents that

10  are subject to a right to privacy or confidentiality under state and federal laws or contract.

11  **REQUEST FOR PRODUCTION NO. 77:**

12      All documents and communications concerning any audits, potential audits, or requests to

13  audit Lambda School concerning its student outcome or employment statistics.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

15      Lambda School incorporates by reference its general objections above as if fully set forth

16  herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous,

17  overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the

18  terms  "All," "documents," "communications," "concerning," "any," "audits," "potential audits,"

19  "requests to audit," "student outcome," and "employment statistics," as they are vague, indefinite,

20  ambiguous, and fails to describe the information sought with the required reasonable particularity,

21  without limitation to specific subject matter, and is calculated, or would operate to annoy,

22  embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further objects

23  to this Request to the extent it seeks information that is not relevant to any party's claim or

24  defense and not proportional to the needs of the case, considering the importance of the issues at

25  stake in the action, the amount in controversy, the parties' relative access to relevant information,

26  the parties' resources, the importance of the discovery in resolving the issues, and whether the

27  burden or expense of the proposed discovery outweighs its likely benefit.  Lambda School

28  similarly objects to this Request to the extent that it seeks information that is not within the

29

possession, custody, or control of Lambda School. Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint. Lambda School further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery.  Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to privacy or confidentiality under state and federal laws or contract.

**REQUEST FOR PRODUCTION NO. 78:**

All communications with the Council on Integrity in Results Reporting ("CIRR").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Lambda School incorporates by reference its general objections above as if fully set forth herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous, overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms  "All," "communications," and "the Council on Integrity in Results Reporting ('CIRR')," as they are vague, indefinite, ambiguous, and fails to describe the information sought with the required reasonable particularity, without limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Lambda School similarly objects to this Request to the extent that it seeks information that is not within the possession, custody, or control of Lambda School. Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint. Lambda School further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery.

1  Lambda School also objects to this Request to the extent it seeks documents that are subject to a

2  right to privacy or confidentiality under state and federal laws or contract.

3  **REQUEST FOR PRODUCTION NO. 79:**

4       All versions, including drafts, of any reports or information submitted to the Council on

5  Integrity in Results Reporting.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

7       Lambda School incorporates by reference its general objections above as if fully set forth

8  herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous,

9  overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the

10  terms  "All," "versions," "drafts," "any," "reports," "information," and "the Council on Integrity

11  in Results Reporting," as they are vague, indefinite, ambiguous, and fails to describe the

12  information sought with the required reasonable particularity, without limitation to specific subject

13  matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense

14  to Lambda School.  Lambda School further objects to this Request to the extent it seeks

15  information that is not relevant to any party's claim or defense and not proportional to the needs of

16  the case, considering the importance of the issues at stake in the action, the amount in controversy,

17  the parties' relative access to relevant information, the parties' resources, the importance of the

18  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

19  outweighs its likely benefit.  Lambda School similarly objects to this Request to the extent that it

20  seeks information that is not within the possession, custody, or control of Lambda School. Lambda

21  School also objects to this Request to the extent that it is irrelevant to the allegations set forth in

22  Plaintiff's Amended Complaint. Lambda School also objects to this Request to the extent it seeks

23  unreasonably cumulative, oppressive, redundant, and/or duplicative of at least Plaintiff's Request

24  for Production No. 78.  Lambda School further objects to this Request to the extent that it seeks

25  information that is protected by the attorney-client privilege, the attorney work-product doctrine,

26  common interest privilege, or any other applicable privilege, protection, or immunity from

27  discovery.  Lambda School also objects to this Request to the extent it seeks documents that are

28  subject to a right to privacy or confidentiality under state and federal laws or contract.

1   **REQUEST FOR PRODUCTION NO. 80:**

2      All documents and communications concerning Lambda School's decision to cease

3   participation in the Council on Integrity in Results Reporting's reporting system.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

5      Lambda School incorporates by reference its general objections above as if fully set forth

6   herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous,

7   overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the

8   terms  "All," "documents," "communications," "concerning," "decision to cease participation,"

9   and "the Council on Integrity in Results Reporting's reporting system," as they are vague,

10  indefinite, ambiguous, and fails to describe the information sought with the required reasonable

11  particularity, without limitation to specific subject matter, and is calculated, or would operate to

12  annoy, embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further

13  objects to this Request to the extent it seeks information that is not relevant to any party's claim or

14  defense and not proportional to the needs of the case, considering the importance of the issues at

15  stake in the action, the amount in controversy, the parties' relative access to relevant information,

16  the parties' resources, the importance of the discovery in resolving the issues, and whether the

17  burden or expense of the proposed discovery outweighs its likely benefit.  Lambda School

18  similarly objects to this Request to the extent that it seeks information that is not within the

19  possession, custody, or control of Lambda School. Lambda School also objects to this Request to

20  the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint.

21  Lambda School further objects to this Request to the extent that it seeks information that is

22  protected by the attorney-client privilege, the attorney work-product doctrine, common interest

23  privilege, or any other applicable privilege, protection, or immunity from discovery.  Lambda

24  School also objects to this Request to the extent it seeks documents that are subject to a right to

25  privacy or confidentiality under state and federal laws or contract.

26  **REQUEST FOR PRODUCTION NO. 81:**

27      Documents sufficient to identify all employers of Lambda School graduates or former

28  students.

32

DEFENDANT LAMBDA INC.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
PROPOUNDED BY PLAINTIFF LAMBDA LABS, INC.; 4:19-cv-04060-JST

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Lambda School incorporates by reference its general objections above as if fully set forth herein. Lambda School objects to this Request on the grounds that it is vague, ambiguous, overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms "Documents," "identify," "all," "employers," "graduates," and "former students," as they are vague, indefinite, ambiguous, and fails to describe the information sought with the required reasonable particularity, without limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School. Lambda School further objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Lambda School similarly objects to this Request to the extent that it seeks information that is not within the possession, custody, or control of Lambda School. Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint. Lambda School further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery. Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to privacy or confidentiality under state and federal laws or contract.

**REQUEST FOR PRODUCTION NO. 82:**

All documents and communications concerning "hiring partnerships," as that term is used in the Lambda School Outcomes Report, H1 2019 Cohorts, Released Q1 2020, with employers or potential employers of Lambda School students or graduates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Lambda School incorporates by reference its general objections above as if fully set forth herein. Lambda School objects to this Request on the grounds that it is vague, ambiguous,

33

overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms "All," "documents," "communications," "concerning," "hiring partnerships," "Lambda School Outcomes Report, H1 2019 Cohorts, Released Q1 2020," "employers," "potential employers," "students," and "graduates," as they are vague, indefinite, ambiguous, and fails to describe the information sought with the required reasonable particularity, without limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School. Lambda School further objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Lambda School similarly objects to this Request to the extent that it seeks information that is not within the possession, custody, or control of Lambda School. Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint. Lambda School further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery. Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to privacy or confidentiality under state and federal laws or contract.

**REQUEST FOR PRODUCTION NO. 83:**

All communications with all entities with which Lambda School has a hiring partnership or has pursued a potential hiring partnership.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Lambda School incorporates by reference its general objections above as if fully set forth herein. Lambda School objects to this Request on the grounds that it is vague, ambiguous, overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms "All," "communications," "entities," "a hiring partnership," "has pursued," and "a potential

34

hiring partnership," as they are vague, indefinite, ambiguous, and fails to describe the information sought with the required reasonable particularity, without limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Lambda School similarly objects to this Request to the extent that it seeks information that is not within the possession, custody, or control of Lambda School. Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint. Lambda School further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery.  Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to privacy or confidentiality under state and federal laws or contract.

**REQUEST FOR PRODUCTION NO. 84:**

All documents and communications concerning any representations by Lambda School regarding its student outcome or employment statistics.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Lambda School incorporates by reference its general objections above as if fully set forth herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous, overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms  "All," "documents," "communications," "concerning," "any," "representations," "regarding," "student outcome," and "employment statistics," as they are vague, indefinite, ambiguous, and fails to describe the information sought with the required reasonable particularity, without limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further objects

35

1  to this Request to the extent it seeks information that is not relevant to any party's claim or

2  defense and not proportional to the needs of the case, considering the importance of the issues at

3  stake in the action, the amount in controversy, the parties' relative access to relevant information,

4  the parties' resources, the importance of the discovery in resolving the issues, and whether the

5  burden or expense of the proposed discovery outweighs its likely benefit.  Lambda School

6  similarly objects to this Request to the extent that it seeks information that is not within the

7  possession, custody, or control of Lambda School. Lambda School also objects to this Request to

8  the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint.

9  Lambda School further objects to this Request to the extent that it seeks information that is

10  protected by the attorney-client privilege, the attorney work-product doctrine, common interest

11  privilege, or any other applicable privilege, protection, or immunity from discovery.  Lambda

12  School also objects to this Request to the extent it seeks documents that are subject to a right to

13  privacy or confidentiality under state and federal laws or contract.

14  **REQUEST FOR PRODUCTION NO. 85:**

15       All documents and communications concerning the calculation of Lambda School's

16  student outcome or employment statistics.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

18       Lambda School incorporates by reference its general objections above as if fully set forth

19  herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous,

20  overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the

21  terms  "All," "documents," "communications," "concerning," "the calculation," "student

22  outcome," and "employment statistics," as they are vague, indefinite, ambiguous, and fails to

23  describe the information sought with the required reasonable particularity, without limitation to

24  specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or

25  unduly cause expense to Lambda School.  Lambda School further objects to this Request to the

26  extent it seeks information that is not relevant to any party's claim or defense and not proportional

27  to the needs of the case, considering the importance of the issues at stake in the action, the amount

28  in controversy, the parties' relative access to relevant information, the parties' resources, the

36

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Lambda School similarly objects to this Request to the extent that it seeks information that is not within the possession, custody, or control of Lambda School. Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint. Lambda School further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery.  Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to privacy or confidentiality under state and federal laws or contract.

**REQUEST FOR PRODUCTION NO. 86:**

All documents and communications concerning collection or verification of student placement information, including but not limited to all communications with Lambda School students or former students to collect or verify employment status, salary, or related information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Lambda School incorporates by reference its general objections above as if fully set forth herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous, overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms  "All," "documents," "communications," "concerning," "collection," "verification," "student placement information," "students," "former students," "collect," "verify, "employment status," "salary," and "or related information," as they are vague, indefinite, ambiguous, and fails to describe the information sought with the required reasonable particularity, without limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the

1  proposed discovery outweighs its likely benefit.  Lambda School similarly objects to this Request

2  to the extent that it seeks information that is not within the possession, custody, or control of

3  Lambda School. Lambda School also objects to this Request to the extent that it is irrelevant to the

4  allegations set forth in Plaintiff's Amended Complaint. Lambda School further objects to this

5  Request to the extent that it seeks information that is protected by the attorney-client privilege, the

6  attorney work-product doctrine, common interest privilege, or any other applicable privilege,

7  protection, or immunity from discovery.  Lambda School also objects to this Request to the extent

8  it seeks documents that are subject to a right to privacy or confidentiality under state and federal

9  laws or contract.

10  **REQUEST FOR PRODUCTION NO. 87:**

11      All versions, including drafts, of any reports regarding outcomes or employment for

12  Lambda School students or graduates.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

14      Lambda School incorporates by reference its general objections above as if fully set forth

15  herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous,

16  overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the

17  terms  "All," "versions," "drafts," "any," "reports," "regarding," "outcomes," "employment for,"

18  "students," and "graduates," as they are vague, indefinite, ambiguous, and fails to describe the

19  information sought with the required reasonable particularity, without limitation to specific subject

20  matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense

21  to Lambda School.  Lambda School further objects to this Request to the extent it seeks

22  information that is not relevant to any party's claim or defense and not proportional to the needs of

23  the case, considering the importance of the issues at stake in the action, the amount in controversy,

24  the parties' relative access to relevant information, the parties' resources, the importance of the

25  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

26  outweighs its likely benefit.  Lambda School similarly objects to this Request to the extent that it

27  seeks information that is not within the possession, custody, or control of Lambda School. Lambda

28  School also objects to this Request to the extent that it is irrelevant to the allegations set forth in

38

1   Plaintiff's Amended Complaint.  Lambda School also objects to this Request to the extent it is

2   unreasonably cumulative, oppressive, redundant, and/or duplicative of at least Plaintiff's Request

3   for Production Nos. 84-86.  Lambda School further objects to this Request to the extent that it

4   seeks information that is protected by the attorney-client privilege, the attorney work-product

5   doctrine, common interest privilege, or any other applicable privilege, protection, or immunity

6   from discovery.  Lambda School also objects to this Request to the extent it seeks documents that

7   are subject to a right to privacy or confidentiality under state and federal laws or contract.

8   **REQUEST FOR PRODUCTION NO. 88:**

9       All versions, including drafts, of the Lambda School CIRR Outcomes Report, H1 2018.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

11      Lambda School incorporates by reference its general objections above as if fully set forth

12  herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous,

13  overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the

14  terms  "All," "versions," "drafts," and "the Lambda School CIRR Outcomes Report, H1 2018," as

15  they are vague, indefinite, ambiguous, and fails to describe the information sought with the

16  required reasonable particularity, without limitation to specific subject matter, and is calculated, or

17  would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School.  Lambda

18  School further objects to this Request to the extent it seeks information that is not relevant to any

19  party's claim or defense and not proportional to the needs of the case, considering the importance

20  of the issues at stake in the action, the amount in controversy, the parties' relative access to

21  relevant information, the parties' resources, the importance of the discovery in resolving the

22  issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

23  Lambda School similarly objects to this Request to the extent that it seeks information that is not

24  within the possession, custody, or control of Lambda School. Lambda School also objects to this

25  Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended

26  Complaint.  Lambda School also objects to this Request to the extent it is unreasonably

27  cumulative, oppressive, redundant, and/or duplicative of at least Plaintiff's Request for Production

28  Nos. 84-87.  Lambda School further objects to this Request to the extent that it seeks information

39

1  that is protected by the attorney-client privilege, the attorney work-product doctrine, common

2  interest privilege, or any other applicable privilege, protection, or immunity from discovery.

3  Lambda School also objects to this Request to the extent it seeks documents that are subject to a

4  right to privacy or confidentiality under state and federal laws or contract.

5  **REQUEST FOR PRODUCTION NO. 89:**

6        All documents and communications concerning the methodology used to produce the

7  Lambda School CIRR Outcomes Report, H1 2018.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

9        Lambda School incorporates by reference its general objections above as if fully set forth

10  herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous,

11  overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the

12  terms  "All," "documents," "communications," "concerning," "the methodology," "produce," and

13  "the Lambda School CIRR Outcomes Report, H1 2018," as they are vague, indefinite, ambiguous,

14  and fails to describe the information sought with the required reasonable particularity, without

15  limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass,

16  oppress, or unduly cause expense to Lambda School.  Lambda School further objects to this

17  Request to the extent it seeks information that is not relevant to any party's claim or defense and

18  not proportional to the needs of the case, considering the importance of the issues at stake in the

19  action, the amount in controversy, the parties' relative access to relevant information, the parties'

20  resources, the importance of the discovery in resolving the issues, and whether the burden or

21  expense of the proposed discovery outweighs its likely benefit.  Lambda School similarly objects

22  to this Request to the extent that it seeks information that is not within the possession, custody, or

23  control of Lambda School. Lambda School also objects to this Request to the extent that it is

24  irrelevant to the allegations set forth in Plaintiff's Amended Complaint.  Lambda School also

25  objects to this Request to the extent it is unreasonably cumulative, oppressive, redundant, and/or

26  duplicative of at least Plaintiff's Request for Production Nos. 84-88.  Lambda School further

27  objects to this Request to the extent that it seeks information that is protected by the attorney-

28  client privilege, the attorney work-product doctrine, common interest privilege, or any other

40

1  applicable privilege, protection, or immunity from discovery.  Lambda School also objects to this

2  Request to the extent it seeks documents that are subject to a right to privacy or confidentiality

3  under state and federal laws or contract.

4  **REQUEST FOR PRODUCTION NO. 90:**

5          All documents and communications concerning the calculation of the statistics presented in

6  the Lambda School CIRR Outcomes Report, H1 2018, including but not limited to all information

7  and raw data used in those calculations.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

9          Lambda School incorporates by reference its general objections above as if fully set forth

10  herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous,

11  overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the

12  terms  "All," "documents," "communications," "concerning," "the calculation," "the statistics,"

13  "presented in," "the Lambda School CIRR Outcomes Report, H1 2018," "information," "raw

14  data," and "those calculations," as they are vague, indefinite, ambiguous, and fails to describe the

15  information sought with the required reasonable particularity, without limitation to specific subject

16  matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense

17  to Lambda School.  Lambda School further objects to this Request to the extent it seeks

18  information that is not relevant to any party's claim or defense and not proportional to the needs of

19  the case, considering the importance of the issues at stake in the action, the amount in controversy,

20  the parties' relative access to relevant information, the parties' resources, the importance of the

21  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

22  outweighs its likely benefit.  Lambda School similarly objects to this Request to the extent that it

23  seeks information that is not within the possession, custody, or control of Lambda School. Lambda

24  School also objects to this Request to the extent that it is irrelevant to the allegations set forth in

25  Plaintiff's Amended Complaint.  Lambda School also objects to this Request to the extent it is

26  unreasonably cumulative, oppressive, redundant, and/or duplicative of at least Plaintiff's Request

27  for Production Nos. 84-89.  Lambda School further objects to this Request to the extent that it

28  seeks information that is protected by the attorney-client privilege, the attorney work-product

1  doctrine, common interest privilege, or any other applicable privilege, protection, or immunity

2  from discovery.  Lambda School also objects to this Request to the extent it seeks documents that

3  are subject to a right to privacy or confidentiality under state and federal laws or contract.

4  **REQUEST FOR PRODUCTION NO. 91:**

5        All versions, including drafts, of the Lambda School Outcomes Report, H1 2019 Cohorts,

6  Released Q1 2020.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

8        Lambda School incorporates by reference its general objections above as if fully set forth

9  herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous,

10  overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the

11  terms  "All," "versions," "drafts," and "the Lambda School Outcomes Report, H1 2019 Cohorts,

12  Released Q1 2020," as they are vague, indefinite, ambiguous, and fails to describe the information

13  sought with the required reasonable particularity, without limitation to specific subject matter, and

14  is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda

15  School.  Lambda School further objects to this Request to the extent it seeks information that is

16  not relevant to any party's claim or defense and not proportional to the needs of the case,

17  considering the importance of the issues at stake in the action, the amount in controversy, the

18  parties' relative access to relevant information, the parties' resources, the importance of the

19  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

20  outweighs its likely benefit.  Lambda School similarly objects to this Request to the extent that it

21  seeks information that is not within the possession, custody, or control of Lambda School. Lambda

22  School also objects to this Request to the extent that it is irrelevant to the allegations set forth in

23  Plaintiff's Amended Complaint.  Lambda School also objects to this Request to the extent it is

24  unreasonably cumulative, oppressive, redundant, and/or duplicative of at least Plaintiff's Request

25  for Production Nos. 84-90.  Lambda School further objects to this Request to the extent that it

26  seeks information that is protected by the attorney-client privilege, the attorney work-product

27  doctrine, common interest privilege, or any other applicable privilege, protection, or immunity

28  from discovery.  Lambda School also objects to this Request to the extent it seeks documents that

42

1   are subject to a right to privacy or confidentiality under state and federal laws or contract.

2   **REQUEST FOR PRODUCTION NO. 92:**

3          All documents and communications concerning the methodology used to produce the

4   Lambda School Outcomes Report, H1 2019 Cohorts, Released Q1 2020.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

6          Lambda School incorporates by reference its general objections above as if fully set forth

7   herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous,

8   overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the

9   terms  "All," "documents," "communications," "concerning," "the methodology," and "the

10  Lambda School Outcomes Report, H1 2019 Cohorts, Released Q1 2020," as they are vague,

11  indefinite, ambiguous, and fails to describe the information sought with the required reasonable

12  particularity, without limitation to specific subject matter, and is calculated, or would operate to

13  annoy, embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further

14  objects to this Request to the extent it seeks information that is not relevant to any party's claim or

15  defense and not proportional to the needs of the case, considering the importance of the issues at

16  stake in the action, the amount in controversy, the parties' relative access to relevant information,

17  the parties' resources, the importance of the discovery in resolving the issues, and whether the

18  burden or expense of the proposed discovery outweighs its likely benefit.  Lambda School

19  similarly objects to this Request to the extent that it seeks information that is not within the

20  possession, custody, or control of Lambda School. Lambda School also objects to this Request to

21  the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint.

22  Lambda School also objects to this Request to the extent it is unreasonably cumulative,

23  oppressive, redundant, and/or duplicative of at least Plaintiff's Request for Production Nos. 84-91.

24  Lambda School further objects to this Request to the extent that it seeks information that is

25  protected by the attorney-client privilege, the attorney work-product doctrine, common interest

26  privilege, or any other applicable privilege, protection, or immunity from discovery.  Lambda

27  School also objects to this Request to the extent it seeks documents that are subject to a right to

28  privacy or confidentiality under state and federal laws or contract.

43

DEFENDANT LAMBDA INC.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
PROPOUNDED BY PLAINTIFF LAMBDA LABS, INC.; 4:19-CV-04060-JST

1  **REQUEST FOR PRODUCTION NO. 93:**

2       All documents and communications concerning the calculation of the statistics presented in

3  the Lambda School Outcomes Report, H1 2019 Cohorts, Released Q1 2020, including but not

4  limited to all information and raw data used in those calculations.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

6       Lambda School incorporates by reference its general objections above as if fully set forth

7  herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous,

8  overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the

9  terms  "All," "documents," "communications," "concerning," "the calculation," "the statistics,"

10 "presented in," "the Lambda School Outcomes Report, H1 2019 Cohorts, Released Q1 2020,"

11 "information," "raw data," and "those calculations," as they are vague, indefinite, ambiguous, and

12 fails to describe the information sought with the required reasonable particularity, without

13 limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass,

14 oppress, or unduly cause expense to Lambda School.  Lambda School further objects to this

15 Request to the extent it seeks information that is not relevant to any party's claim or defense and

16 not proportional to the needs of the case, considering the importance of the issues at stake in the

17 action, the amount in controversy, the parties' relative access to relevant information, the parties'

18 resources, the importance of the discovery in resolving the issues, and whether the burden or

19 expense of the proposed discovery outweighs its likely benefit.  Lambda School similarly objects

20 to this Request to the extent that it seeks information that is not within the possession, custody, or

21 control of Lambda School. Lambda School also objects to this Request to the extent that it is

22 irrelevant to the allegations set forth in Plaintiff's Amended Complaint.   Lambda School also

23 objects to this Request to the extent it is unreasonably cumulative, oppressive, redundant, and/or

24 duplicative of at least Plaintiff's Request for Production Nos. 84-92.  Lambda School further

25 objects to this Request to the extent that it seeks information that is protected by the attorney-

26 client privilege, the attorney work-product doctrine, common interest privilege, or any other

27 applicable privilege, protection, or immunity from discovery.  Lambda School also objects to this

28 Request to the extent it seeks documents that are subject to a right to privacy or confidentiality

1   under state and federal laws or contract.

2   **REQUEST FOR PRODUCTION NO. 94:**

3         Documents sufficient to identify the job titles and full time/part employment time status of

4   all students or graduates included in the Lambda School Outcomes Report, H1 2019 Cohorts,

5   Released Q1 2020.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

7         Lambda School incorporates by reference its general objections above as if fully set forth

8   herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous,

9   overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the

10  terms  "Documents," "identify," "the job titles," "full time/part employment time status,"

11  "students," "graduates," and "the Lambda School Outcomes Report, H1 2019 Cohorts, Released

12  Q1 2020," as they are vague, indefinite, ambiguous, and fails to describe the information sought

13  with the required reasonable particularity, without limitation to specific subject matter, and is

14  calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda

15  School.  Lambda School further objects to this Request to the extent it seeks information that is

16  not relevant to any party's claim or defense and not proportional to the needs of the case,

17  considering the importance of the issues at stake in the action, the amount in controversy, the

18  parties' relative access to relevant information, the parties' resources, the importance of the

19  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

20  outweighs its likely benefit.  Lambda School similarly objects to this Request to the extent that it

21  seeks information that is not within the possession, custody, or control of Lambda School. Lambda

22  School also objects to this Request to the extent that it is irrelevant to the allegations set forth in

23  Plaintiff's Amended Complaint. Lambda School further objects to this Request to the extent that it

24  seeks information that is protected by the attorney-client privilege, the attorney work-product

25  doctrine, common interest privilege, or any other applicable privilege, protection, or immunity

26  from discovery.  Lambda School also objects to this Request to the extent it seeks documents that

27  are subject to a right to privacy or confidentiality under state and federal laws or contract.

28

**REQUEST FOR PRODUCTION NO. 95:**

Documents sufficient to identify the ninety-eight students who withdrew from Lambda School discussed in the Lambda School Outcomes Report, H1 2019 Cohorts, Released Q1 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Lambda School incorporates by reference its general objections above as if fully set forth herein. Lambda School objects to this Request on the grounds that it is vague, ambiguous, overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms "Documents," "identify," "the ninety-eight students," "withdrew," and "the Lambda School Outcomes Report, H1 2019 Cohorts, Released Q1 2020," as they are vague, indefinite, ambiguous, and fails to describe the information sought with the required reasonable particularity, without limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School. Lambda School further objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Lambda School similarly objects to this Request to the extent that it seeks information that is not within the possession, custody, or control of Lambda School. Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint. Lambda School further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery. Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to privacy or confidentiality under state and federal laws or contract.

**REQUEST FOR PRODUCTION NO. 96:**

Documents sufficient to identify the twenty-nine graduates for whom Lambda School was "unable to contact to verify placement data" discussed in the Lambda School Outcomes Report,

46

1    H1 2019 Cohorts, Released Q1 2020.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

3         Lambda School incorporates by reference its general objections above as if fully set forth

4    herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous,

5    overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the

6    terms  "Documents," "identify," "the twenty-nine graduates," "unable to contact to verify

7    placement data," and "the Lambda School Outcomes Report, H1 2019 Cohorts, Released Q1

8    2020," as they are vague, indefinite, ambiguous, and fails to describe the information sought with

9    the required reasonable particularity, without limitation to specific subject matter, and is

10   calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda

11   School.  Lambda School further objects to this Request to the extent it seeks information that is

12   not relevant to any party's claim or defense and not proportional to the needs of the case,

13   considering the importance of the issues at stake in the action, the amount in controversy, the

14   parties' relative access to relevant information, the parties' resources, the importance of the

15   discovery in resolving the issues, and whether the burden or expense of the proposed discovery

16   outweighs its likely benefit.  Lambda School similarly objects to this Request to the extent that it

17   seeks information that is not within the possession, custody, or control of Lambda School. Lambda

18   School also objects to this Request to the extent that it is irrelevant to the allegations set forth in

19   Plaintiff's Amended Complaint. Lambda School further objects to this Request to the extent that it

20   seeks information that is protected by the attorney-client privilege, the attorney work-product

21   doctrine, common interest privilege, or any other applicable privilege, protection, or immunity

22   from discovery.  Lambda School also objects to this Request to the extent it seeks documents that

23   are subject to a right to privacy or confidentiality under state and federal laws or contract.

24   **REQUEST FOR PRODUCTION NO. 97:**

25        Documents sufficient to identify the fifty-four "graduates who are still searching for their

26   next job" discussed in the Lambda School Outcomes Report, H1 2019 Cohorts, Released Q1 2020.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

28        Lambda School incorporates by reference its general objections as if fully set forth

47

herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous, overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms  "Documents," "identify," "fifty-four 'graduates who are still searching for their next job,'" and "the Lambda School Outcomes Report, H1 2019 Cohorts, Released Q1 2020," as they are vague, indefinite, ambiguous, and fails to describe the information sought with the required reasonable particularity, without limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Lambda School similarly objects to this Request to the extent that it seeks information that is not within the possession, custody, or control of Lambda School. Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint. Lambda School further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery. Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to privacy or confidentiality under state and federal laws or contract.

**REQUEST FOR PRODUCTION NO. 98:**

All communications with Divvy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Lambda School incorporates by reference its general objections above as if fully set forth herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous, overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms  "All," "communications," and "Divvy," as they are vague, indefinite, ambiguous, and fails to describe the information sought with the required reasonable particularity, without limitation to

48

1   specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or

2   unduly cause expense to Lambda School.  Lambda School further objects to this Request to the

3   extent it seeks information that is not relevant to any party's claim or defense and not proportional

4   to the needs of the case, considering the importance of the issues at stake in the action, the amount

5   in controversy, the parties' relative access to relevant information, the parties' resources, the

6   importance of the discovery in resolving the issues, and whether the burden or expense of the

7   proposed discovery outweighs its likely benefit.  Lambda School similarly objects to this Request

8   to the extent that it seeks information that is not within the possession, custody, or control of

9   Lambda School. Lambda School also objects to this Request to the extent that it is irrelevant to the

10  allegations set forth in Plaintiff's Amended Complaint. Lambda School further objects to this

11  Request to the extent that it seeks information that is protected by the attorney-client privilege, the

12  attorney work-product doctrine, common interest privilege, or any other applicable privilege,

13  protection, or immunity from discovery.  Lambda School also objects to this Request to the extent

14  it seeks documents that are subject to a right to privacy or confidentiality under state and federal

15  laws or contract.

16  **REQUEST FOR PRODUCTION NO. 99:**

17          All contracts or written agreements between Lambda School and Divvy.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

19          Lambda School incorporates by reference its general objections above as if fully set forth

20  herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous,

21  overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the

22  terms  "All," "contracts," "written agreements," and "Divvy," as they are vague, indefinite,

23  ambiguous, and fails to describe the information sought with the required reasonable particularity,

24  without limitation to specific subject matter, and is calculated, or would operate to annoy,

25  embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further objects

26  to this Request to the extent it seeks information that is not relevant to any party's claim or

27  defense and not proportional to the needs of the case, considering the importance of the issues at

28  stake in the action, the amount in controversy, the parties' relative access to relevant information,

49

the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Lambda School similarly objects to this Request to the extent that it seeks information that is not within the possession, custody, or control of Lambda School. Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint. Lambda School also objects to this Request to the extent it is unreasonably cumulative, oppressive, redundant, and/or duplicative of at least Plaintiff's Request for Production No. 98. Lambda School further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery.  Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to privacy or confidentiality under state and federal laws or contract.

**REQUEST FOR PRODUCTION NO. 100:**

All documents and communications concerning placement of Lambda School students or graduates with Divvy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Lambda School incorporates by reference its general objections above as if fully set forth herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous, overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms  "All," "documents," "communications," "concerning," "placement of Lambda School students," "or graduates," and "with Divvy," as they are vague, indefinite, ambiguous, and fails to describe the information sought with the required reasonable particularity, without limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the

50

proposed discovery outweighs its likely benefit.  Lambda School similarly objects to this Request to the extent that it seeks information that is not within the possession, custody, or control of Lambda School. Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint.  Lambda School also objects to this Request to the extent it is unreasonably cumulative, oppressive, redundant, and/or duplicative of at least Plaintiff's Request for Production Nos. 98-99.  Lambda School further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery.  Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to privacy or confidentiality under state and federal laws or contract.

**REQUEST FOR PRODUCTION NO. 101:**

Documents sufficient to identify the number of Lambda School students with prior computer science degrees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Lambda School incorporates by reference its general objections above as if fully set forth herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous, overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms  "Documents," "identify," "Lambda School students," and "prior computer science degrees," as they are vague, indefinite, ambiguous, and fails to describe the information sought with the required reasonable particularity, without limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Lambda School similarly objects to this Request to the extent that it

1   seeks information that is not within the possession, custody, or control of Lambda School.

2   Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set

3   forth in Plaintiff's Amended Complaint.  Lambda School further objects to this Request to the

4   extent that it seeks information that is protected by the attorney-client privilege, the attorney work-

5   product doctrine, common interest privilege, or any other applicable privilege, protection, or

6   immunity from discovery.  Lambda School also objects to this Request to the extent it seeks

7   documents that are subject to a right to privacy or confidentiality under state and federal laws or

8   contract.

9   **REQUEST FOR PRODUCTION NO. 102:**

10         All documents and communications concerning the Lambda School program known as

11   "Lambda Labs."

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

13         Lambda School incorporates by reference its general objections above as if fully set forth

14   herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous,

15   overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the

16   terms  "All," "documents," "communications," "concerning," and "the Lambda School program

17   known as 'Lambda Labs,'" as they are vague, indefinite, ambiguous, and fails to describe the

18   information sought with the required reasonable particularity, without limitation to specific subject

19   matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense

20   to Lambda School.  Lambda School further objects to this Request to the extent it seeks

21   information that is not relevant to any party's claim or defense and not proportional to the needs of

22   the case, considering the importance of the issues at stake in the action, the amount in controversy,

23   the parties' relative access to relevant information, the parties' resources, the importance of the

24   discovery in resolving the issues, and whether the burden or expense of the proposed discovery

25   outweighs its likely benefit.  Lambda School similarly objects to this Request to the extent that it

26   seeks information that is not within the possession, custody, or control of Lambda School.

27   Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set

28   forth in Plaintiff's Amended Complaint.  Lambda School further objects to this Request to the

extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery.  Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to privacy or confidentiality under state and federal laws or contract.

Subject to and without waiving its general and specific objections above, Lambda School will produce relevant, responsive, and non-privileged documents sufficient to describe the nature of the "Lambda Labs" program that are within Lambda School's possession, custody or control to the extent they are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 103:**

Documents sufficient to identify all channels in the Lambda School Slack platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Lambda School incorporates by reference its general objections above as if fully set forth herein.  Lambda School objects to this Request on the grounds that it is vague, ambiguous, overbroad in time and scope, and therefore, unduly burdensome and oppressive, particularly the terms  "Documents," "identify," "all channels," and "the Lambda School Slack platform," as they are vague, indefinite, ambiguous, and fails to describe the information sought with the required reasonable particularity, without limitation to specific subject matter, and is calculated, or would operate to annoy, embarrass, oppress, or unduly cause expense to Lambda School.  Lambda School further objects to this Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Lambda School similarly objects to this Request to the extent that it seeks information that is not within the possession, custody, or control of Lambda School.  Lambda School also objects to this Request to the extent that it is irrelevant to the allegations set forth in Plaintiff's Amended Complaint.  Lambda School further objects to this Request to the extent that it seeks information

that is protected by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery. Lambda School also objects to this Request to the extent it seeks documents that are subject to a right to privacy or confidentiality under state and federal laws or contract.  Lambda School further objects to this Request on the grounds that it is currently the subject of continued negotiations between the parties and motion practice before Magistrate Judge Hixson.

Dated:  June 12, 2020                              RIMON, P.C.


                                          By: */s/ Karineh Khachatourian*
                                              Karineh Khachatourian
                                              Nikolaus A. Woloszczuk

                                              Attorneys for Defendant,
                                              LAMBDA INC.

1

<u>CERTIFICATE OF SERVICE</u>

2

I, Lillian Fass, declare as follows:

3

I am employed in Santa Clara County, State of California.  I am over the age of eighteen

4

years and not a party to this action.  My business address is Rimon, P.C., 2479 E. Bayshore Road,

5

Suite 210, Palo Alto, California 94303.

6

I served a copy of the following documents on the person(s) below, as follows:

7

**DEFENDANT LAMBDA INC.'S RESPONSE TO SECOND SET OF REQUESTS
FOR PRODUCTION PROPOUNDED BY PLAINTIFF LAMBDA LABS, INC.**

8

9

X    <u>BY U.S. MAIL</u>:  I placed the envelope for collection and mailing, following our ordinary

10

business practices, and addressed to the persons at the addresses listed below.  I am readily
familiar with this business's practice for collecting and processing correspondence for
mailing.  On the same day that correspondence is placed for collection and mailing, it is

11

deposited in the ordinary course of business with the United States Postal Service in a
sealed envelope with postage fully prepaid.

12

___    <u>BY OVERNIGHT DELIVERY</u>:  I enclosed the documents in an envelope or package

13

provided by an overnight delivery carrier and addressed to the person(s) at the addresses
listed below.  I placed the envelope or package for collection and overnight delivery at an
office or a regularly utilized drop box of the overnight delivery carrier.

14

X    <u>BY ELECTRONIC SERVICE</u>:  Based on a court order or an agreement of the parties to

15

accept service by e-mail or electronic transmission, I caused the documents to be sent to the
person(s) at the e-mail addresses listed below.

16

17

Jennifer Lee Taylor
Nicholas Timothy Herrera

18

Robert Santos Sandoval
MORRISON & FOERSTER LLP
425 Market Street

19

San Francisco, CA 94105
Telephone: 415-268-7000

20

Facsimile: 415-268-7522
JTaylor@mofo.com

21

NHerrera@mofo.com
RSandoval@mofo.com

22

*Attorneys for Plaintiff,*

23

*Lambda Labs, Inc.*

24

I declare under penalty of perjury under the laws of the State of California that the

25

foregoing is true and correct.  Executed on June 12, 2020 at Palo Alto, California.

26

27

_____
Lillian Fass

28