JENNIFER LEE TAYLOR (CA SBN 161368)
JTaylor@mofo.com
JOYCE LIOU (CA SBN 277720)
JLiou@mofo.com
NICHOLAS HERRERA (CA SBN 301992)
NHerrera@mofo.com
RYAN ROMAIN (CA SBN 319603)
RRomain@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff
LAMBDA LABS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LAMBDA LABS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LAMBDA, INC.,<br><br>Defendant. | Case No. 4:19-cv-04060-JST (TSH)<br><br>**LETTER BRIEF REGARDING LAMBDA'S MOTION TO COMPEL DOCUMENTS CONCERNING LAMBDA SCHOOL'S LAMBDA STUDIOS AND LAMBDA FELLOWS PROGRAMS (ECF NO. 193)**<br><br>Judge:   Magistrate Judge Thomas S. Hixson<br><br>**SUBMITTED UNDER SEAL**<br>**PUBLIC VERSION** |

## Lambda's Statement[1]

Plaintiff Lambda Labs, Inc. ("Lambda") moved to compel documents regarding Defendant Lambda, Inc.'s ("Lambda School") Lambda Studios and Lambda Fellows programs (ECF No. 193). Lambda School offers software development and consulting services under those programs that compete *directly* with Lambda, but Lambda School failed to disclose either program in discovery. It now claims it produced all relevant documents related to the services, but it did not. Lambda's motion is not moot, and it continues to seek the following documents.

### Lambda Studios

<u>Analysis of Lambda Studios (RFP 167)</u>. Joshua Howland, the Director of Lambda Studios, testified about . (Ex. 1 (Howland Dep.) at 122:17-25, 124:5-21).) These documents are relevant to numerous *Sleekcraft* factors—including the relatedness of the parties' services, overlap in customers and marketing channels—and damages, and represent a targeted set of documents Mr. Howland confirmed exist. Yet Lambda School has failed to produced them. Rather than enlist Mr. Howland to locate the documents, Lambda School claims to have ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. 3 at 2.) It then points to a single produced document which does *not* reflect ▓▓▓▓ about which Mr. Howland testified. (*Id.*) The Court should compel Lambda School to work with Mr. Howland to locate the documents about which he testified.

<u>Project requirements (RFP 167)</u>. Lambda seeks documents describing the "requirements" (i.e., specifications) of the projects and potential projects considered for Lambda Studios. These are located in statements of work that accompany signed agreements, as well as communications and notes from "scoping" discussions with potential clients who may or may not ultimately sign statements of work. Mr. Howland testified that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. 1 at 209:17-214:14)—and likely more in the weeks since his February 22 deposition—but Lambda School produced the project requirements for *one* Lambda Studios client. Again, Lambda School should be compelled to work with Mr. Howland and his team, including Lambda School employee ▓▓▓▓▓▓, to locate these materials, which are relevant and may show overlap between the parties' services and customer bases.

<u>Communications with Lambda Studios clients and potential clients (RFP 167)</u>. Lambda School did not produce any of its communications with current or potential Lambda Studios

---

[1] Lambda School refused to provide its portion of a joint submission on this motion. (Ex. 4.) After the Court issued its Order last Wednesday afternoon (ECF No. 199), Lambda provided Lambda School with a list of outstanding items in dispute early Friday morning (Ex. 2). Lambda School did not respond until after close of business on Friday evening (*id.*), when it stated its position on these issues for the first time. Lambda responded on Monday morning to identify the issues that remain outstanding (Ex. 4 at 2) and provided its draft letter in the early afternoon, but Lambda School stated it would not provide a response before the Court-ordered filing deadline.

clients from 2020 and 2021, even though Mr. Howland testified that ███████████ ███████████ (Ex. 1 at 214:4-14). These communications are relevant to describe the nature of the services provided and identify overlap in the parties' customer bases. Lambda School made a boilerplate claim to have conducted a reasonable search for such materials relying solely on search terms but that is not sufficient. The Court should compel Lambda School to work with Mr. Howland and ███████ to locate the documents about which he testified, which may involve collecting them from others who are responsible for communicating with clients about this competing service. (Id. (███████████).)

Documents regarding the potential ███████████ client (RFP 167). Mr. Howland testified that ███████████ ███████████—services that *Lambda* provides, but Lambda School does *not*. (Ex. 1 at 240:19-245:22.) This customer contact is a crucial event showing potential confusion and customer overlap, as well as the harm Lambda School causes Lambda by advertising competing services it is not capable of providing. Mr. Howland ███████████ ███ (*id.*). While Lambda School claimed to conduct a reasonable search without locating any responsive documents, that is not sufficient. The Court should compel Lambda School to produce all documents and communications related to this potential client from Mr. Howland and others involved in the discussions with the potential client, including ███████████ ███████████ (*id.*). It can identify the name of the potential client by asking the relevant employees and then produce communications with that entity without undue burden.

Lambda Studios advertisements on ███████ (RFP 167). Lambda School CEO Austen Allred ███████████ ███████████ The posts are relevant to show how Lambda School describes its competing Lambda Studios services and are necessary to understand numerous other documents produced by Lambda School that reference the posts. (*E.g.*, Ex. 5.) Even though it long ago *agreed* to produce relevant documents from Mr. Allred's personal social media (ECF No. 71 at 1 ("personal social media accounts of its founders"), Lambda School refuses to produce the ███████ posts because Lambda did not previously specify posts on ███████ This claim is disingenuous because the parties had agreed to collect and search documents from *all* personal social media accounts of their founders, not just those requested by the other party. In fact, Lambda did not even know Mr. Allred used ███████ as a forum for posts about Lambda School before Lambda School produced documents last week referencing his posts on ███████—so Lambda could not have specified ███████ as a source before last week. The Court should compel production of all of Mr. Allred's posts on ███████ regarding Lambda Studios.

Presentations to Lambda Studios executive team (RFPs 167, 223). Mr. Howland testified that ███████████ ███████████. Lambda School produced the slide deck for one of them, but refuses to produce the second based on supposed privilege claims. (Ex. 3 at 5.) Lambda School makes no effort to explain how an entire presentation to Lambda School's executive team regarding business matters could be privileged. The Court should compel Lambda School to produce the presentation.

Revenue and Costs (RFPs 178, 184). Lambda School has not produced documents sufficient to show its revenues and costs from the Lambda Studios program, which are required

to evaluate profits for disgorgement.  It produced ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, but did not produce any of the underlying data or analysis upon which that conclusion is based.  Lambda School claims to have searched for them using unspecified methods, but those methods were insufficient to locate these materials, which clearly exist.  The Court should compel Lambda School to seek these materials directly from Mr. Howland or from other Lambda School employees who are likely to possess them.

Agreements, SOWs, and Invoices (RFPs 167-168, 178).  Lambda School agreed to produce all agreements, statements of work, and invoices related to Lambda Studios (Ex. 3 at 2, 3-4) but has not done so.  Given the deadline for Lambda to move to compel, the Court should order production of these materials in case further enforcement is necessary.

**Lambda Fellows**

Lambda School performs software development projects on behalf of third parties under the name Lambda Fellows.  These services compete directly with Lambda's software development and consulting services, which it has offered since 2012.  Instead of producing responsive documents, Lambda School tries to pretend this is not a competing service because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  (Ex. 3 at 3.)  This is a meaningless distinction with no relevance to the trademark infringement analysis.  The Court should compel Lambda School to produce each of the following.

Project requirements (RFP 165).  Lambda School has produced no documents describing any of the services provided and projects completed under the Lambda Fellows program.  This information is relevant to show overlap in the parties' competing services but is not located in the agreements Lambda School signs with its clients.  The Court should compel Lambda School to search all available sources, including email communications, notes from phone calls with third parties, or other locations, where this information is likely to be found.

Revenues and costs (RFPs 178, 184).  Lambda School has not produced documents sufficient to show its revenues and costs from the Lambda Fellows program, which are required to evaluate profits for disgorgement.  Lambda School admits , but suggests ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. 3 at 3, 4.)  This claim makes no sense on its face: the profits it receives from providing infringing services to third parties are subject to disgorgement regardless of whether Lambda School chooses to call the program an ▮▮▮▮▮▮▮ or not.  The Court should compel Lambda School to produce documents showing its revenues and costs for the program.

Invoices (RFP 165, 178).  Lambda School's production of invoices for work done through the Lambda Fellows program is incomplete.  It produced invoices sent to ▮ companies, but its document production suggests it sent invoices to at least ▮ other companies, and likely more.  It should be ordered to produce all invoices for work done through the Lambda Fellows program.

| | | |
|---|---|---|
| Dated: | March 15, 2021 | JENNIFER LEE TAYLOR<br>JOYCE LIOU<br>NICHOLAS HERRERA<br>RYAN ROMAIN<br>MORRISON & FOERSTER LLP |
| | | By:  */s/ Jennifer Lee Taylor*<br>     JENNIFER LEE TAYLOR |
| | | Attorneys for Plaintiff<br>LAMBDA LABS, INC. |