JENNIFER LEE TAYLOR (CA SBN 161368)
JTaylor@mofo.com
JOYCE LIOU (CA SBN 277720)
JLiou@mofo.com
NICHOLAS HERRERA (CA SBN 301992)
NHerrera@mofo.com
RYAN ROMAIN (CA SBN 319603)
RRomain@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff
LAMBDA LABS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LAMBDA LABS, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LAMBDA, INC.,<br><br>　　　　Defendant. | Case No. 4:19-cv-04060-JST (TSH)<br><br>**LETTER BRIEF REGARDING LAMBDA'S MOTION TO COMPEL LAMBDA SCHOOL FINANCIAL INFORMATION (ECF NOS. 191, 212, AND 216)**<br><br>Judge:　Magistrate Judge Thomas S. Hixson<br><br>**SUBMITTED UNDER SEAL**<br>**PUBLIC VERSION** |

### Lambda's Statement

Per the Court's Order (ECF No. 220), Plaintiff Lambda Labs, Inc. ("Lambda") identifies the RFPs that are still in dispute with respect to its motion to compel Defendant Lambda, Inc.'s ("Lambda School") financial information (ECF Nos. 191, 212).

RFP Nos. 173, 176-179. A dispute remains as to whether Lambda School must supplement its production of financial information to include the first quarter of 2021 when it becomes available. Lambda contends it must do so. Fact discovery closed on February 26, but Lambda School produced *no* financial information for January or February 2021, and now argues it is excused from doing so because it happens to keep its books on a quarterly basis and the information was not available until March. This is not a basis for an infringer to exclude several months' worth of potential profits from discovery.

To the contrary, Rule 26 requires a party to supplement its productions when previously produced information "is incomplete." Fed. R. Civ. P. 26(e)(1)(A). As the Court held in *Finjan, Inc. v. Bitdefender Inc.*, 2019 WL 3564443 at *1-2 (N.D. Cal. Aug. 6, 2019) (Hixson, M.J.), "[c]ase law confirms that the fact discovery cutoff does not terminate the obligation to supplement." That is the case here, where Lambda is entitled to recover damages through trial, not merely through the close of fact discovery. In fact, faced with an analogous situation in *Gamevice, Inc. v. Nintendo Co., Ltd.*, 2019 WL 5565942 at *2 (N.D. Cal. Oct. 29, 2019) (Hixson, M.J.), the Court granted Nintendo's motion to compel updated financial information in response to certain discovery requests, noting that if the motion was not granted, Nintendo would be prejudiced "at trial because [its] damages calculations [would] be significantly out of date." *Id.*

Further, as explained in Lambda's motion, financial information for the last several months is especially important because Lambda School launched two competing services (its Lambda Studios and Lambda Fellows programs) in earnest during that time, and ████████████████████████████████████████.

RFP 182. A dispute remains as to the ████████████████████████████████████████ Lambda School CEO Austen Allred testified ████████████, but Lambda School refuses to produce them. Lambda School argues for the first time that these documents are somehow outside the scope of RFP 182, but they are not: the request expressly seeks "Documents sufficient to show *financial analyses* and accounting for Your Income Share or Sharing Agreements, including analysis of total actual and expected revenue." Lambda School produced "accounting," but not the cited "financial analyses."

RFP 188. Lambda School failed to address this request in its opposition. Lambda believes this request functionally seeks documents that overlap with RFPs 64 and 172 and can be addressed in conjunction with those requests.

RFPs 64 and 172. As the Court notes, these requests remain in dispute.

Dated: March 29, 2021

JENNIFER LEE TAYLOR
JOYCE LIOU
NICHOLAS HERRERA
RYAN ROMAIN
MORRISON & FOERSTER LLP

By: /s/ Jennifer Lee Taylor
JENNIFER LEE TAYLOR

Attorneys for Plaintiff
LAMBDA LABS, INC.